Argued January 6, reversed and remanded February 8, rehearing denied March 29, 1921.

# In re CLARK'S ESTATE.

(195 Pac. 370.)

**Taxation — Statute Imposes Inheritance Tax on Estate Passing to Legatee or Other Beneficiary.**

1. Under the Inheritance Tax Act (Or. L., § 1191), as amended by Laws of 1917, page 799, and Laws of 1919, page 697, the tax is imposed, not on the estate passing from the decedent, but on the estate passing to the legatee or other beneficiary.

**Taxation—Inheritance Tax, Though Computed on Aggregate Estate, is Tax on Each Specific Gift.**

2. Under the Inheritance Tax Act (Or. L., § 1192), as amended by Laws of 1917, page 799, and Laws of 1919, page 697, all of a decedent's estate subject to distribution under the will or inheritance laws after the exemption of $10,000 shall pay a tax as specified, and though the tax is computed on the aggregate estate as it exists before distribution, it remains in no wise other than a tax on each specific gift, legacy or inheritance; for it is computed on the total of such gifts, legacies and inheritances, and its apportionment among the several beneficiaries presents no difficulties.

**Statutes — Inheritance Tax Act not to Embrace Subject not Expressed in Title.**

3. The Inheritance Tax Act (Or. L., § 1192), as amended by Laws of 1917, page 799, and Laws of 1919, page 697, in undertaking to levy an estate tax, is not violative of Article IV, Section 20, of the Constitution, as embracing a subject not expressed in the title of the original act, which was limited to the taxing of gifts, legacies and inheritances.

From Multnomah: GEORGE TAZWELL, Judge.

Department 1.

This is an appeal taken by the State Treasurer from an order fixing the amount of inheritance tax to be paid from the estate of John Clark, deceased, who died testate, leaving an estate appraised at

---

1. For authorities passing on the question as to nature of inheritance tax, see note in 33 **L. R. A. (N. S.)** 606.

2. Whether inheritance tax is payable out of estate or out of legacy or devise, see note in 20 **Ann. Cas.** 1358. .

Whole estate or individual shares as basis of computation of inheritance tax, see note in 7 **A. L. R.** 688.

$697,688.19, from which, by will, legacies and devises in large sums passed to the widow, one daughter, and four sons, with smaller bequests to a sister and three friends. The order of the lower court allowed an exemption from inheritance tax of $10,000 from each of the bequests passing to the testator's widow and children, and hence the appeal.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. James W. Crawford* and *Mr. Isaac H. Van Winkle,* Attorney General, with an oral argument by *Mr. Crawford.*

For respondents there was a brief and an oral argument by *Mr. John H. Hall.*

BENSON, J.—It is contended by appellant that Section 1192, Or. L., provides for a tax computed upon the whole estate, with but one ten thousand dollar exemption, while the respondent insists that the tax is laid upon the specific legacies and devises, and that the order made by the lower court is in harmony with a correct interpretation of the statute.

A statute levying inheritance taxes was first enacted in this state in 1903, the act being entitled: "An act to tax gifts, legacies, and inheritances, and to provide for the collection of the same": General Laws of 1903, p. 49.

This act, with some unimportant amendments, became Chapter IV, Title XVI of L. O. L., the leading sections of which were numbered 1191 and 1192, of which, Section 1192, was again amended in 1917, the title of the amended section being:

"An act to amend Section 1192, of Lord's Oregon Laws, relating to the taxation of gifts, legacies and inheritances": Laws of 1917, p. 799.

As thus amended, the section, so far as it is of interest in this discussion, reads thus:

"When such inheritance, devise, bequest, legacy, gift or beneficial interest to any property or income therefrom shall pass to or for the use or benefit of any grandfather, grandmother, father, mother, husband, wife, child, brother, sister, wife or widow of a son, or the husband of a daughter, or any child or children adopted as such in conformity with the laws of the State of Oregon, or to any person to whom the decedent for not less than ten years prior to death stood in the acknowledged relation of a parent, or to any lineal descendant born in lawful wedlock, in every such case the tax on the appraised value thereof received by each person shall be at the rate of one per cent on any amount in excess of $5,000 * * . The tax is to be levied in the above cases only on the excess of $5,000 received by each person."

The part thus quoted is followed by sections providing for a heavier tax upon bequests and devises to collateral beneficiaries and those who are not of kin to the decedent. In 1919 (Laws 1919, p. 697), the legislature again amended Sections 1191 and 1192, the title of the amendatory act reading thus:

"An act to amend Section 1191, Lord's Oregon Laws, and Section 1192, Lord's Oregon Laws, as amended by Chapter 372, General Laws of Oregon, for the year 1917, relating to inheritance tax."

Section 1191, as so amended, reads as follows:

"All property within the jurisdiction of the state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass or vest by dower, curtesy, will, or by statutes or inheritance of this or any other state, or by deed, grant, bargain, sale or gift,

or as an advancement or division of his or her estate made in contemplation of the death of the grantor, or bargainor, or intended to take effect in possession or enjoyment after the death of the grantor, bargainor or donor to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, or by reason whereof any person or body politic or corporate, shall become beneficially entitled, in possession or expectation, to any property or income thereof, shall be and is subject to a tax at the rate hereinafter specified in Section 1192, to be paid to the treasurer of the state for the use of the state; and all heirs, legatees, and devisees, administrators, executors and trustees, and any such grantee under a conveyance, and such donee under a gift made during the grantor or donor's life, shall be respectively liable for any and all such taxes, with interest thereon, until the same shall have been paid, as hereinafter provided; provided, however, that devises, bequests, legacies and gifts to benevolent, charitable, or educational institutions incorporated within this state and actually engaged in this state in carrying out the objects and purposes for which so incorporated or to any person or persons to be held in trust for any such institution in lieu thereof, shall be exempt from any taxation under the provisions of this act.''

Section 1192, as amended, so far as it is of interest here, reads thus:

''The rates of tax on all estates as provided in Section 1192 shall be as follows: On any amount in excess of $10,000 up to and including $25,000 1 per cent * * . The above tax on the estate shall be in full for all inheritance tax on any devise, bequest, legacy, gift or beneficial interest to any property income therefrom which shall pass to or for the use or benefit of any grandfather, grandmother, father, mother, husband, wife, child or any lineal descendant of the deceased.''

This is followed by paragraphs providing that "in addition to the tax levied on such estate" collateral beneficiaries and beneficiaries who are not of kin to the decedent shall pay certain inheritances taxes, with an exemption of $1,000 to collateral beneficiaries and no exemption to others.

1. The amendments to Section 1191 have not in any respect changed its fundamental character, and now, as always, it provides for a tax upon property "which shall *pass* or *vest* by dower, curtesy, will, or by statutes of inheritance, etc." The language of this section clearly declares the imposition of a tax, not upon the estate passing from the decedent, but upon the estate passing to the legatee or other beneficiary: *Knowlton* v. *Moore*, 178 U. S. 41 (44 L. Ed. 969, 20 Sup. Ct. Rep. 747, see, also, Rose's U. S. Notes). This is radically different from the "probate duty" and the "estate duty" of the English statute, the distinction being clearly expressed by an eminent English author as follows:

"The new duty imposed by the Finance Act, and called estate duty, as has been said above, supersedes probate duty; but the key to the construction of the Finance Act lies in remembering that the new estate duty, although it is leviable on property which was left untouched by probate duty, such as real estate, yet is in substance of the same nature as the old probate duty. What it taxes is not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death. Unless this principle is kept clearly in view, the mind is constantly tempted by the wording of the act to revert to principles of succession duty which have no real connection with the subject": Hanson's Death Duties (6 ed.), p. 1.

2. Regarding Section 1192, in its present form, it will be observed that the first sentence begins thus:

"The rates on tax on all estates *as provided in Section 1192 (1191)* shall be as follows":

It is manifest that the number "1192" as used in the above quotation is a typographical error, and should read "1191," and we shall so regard it. Now, as has been remarked, Section 1191 provides only for the taxation of property passing by will or inheritance to legatees, devisees, or heirs. Their estates, or the portions of the net aggregate estate passing to such beneficiaries, constitute the exclusive subject of taxation mentioned in the first paragraph of Section 1192. The meaning and clear intent of which is, that all of the estate which is subject to distribution under the will or inheritance laws shall, after the exemption of $10,000, pay a tax as therein specified, and while the tax is computed upon the aggregate estate as it exists before distribution, nevertheless it remains in nowise other than a tax upon each specific gift, legacy, or inheritance, for it is computed upon the total of such gifts, legacies, and inheritances, and its apportionment among the several beneficiaries presents no difficulties whatever.

The succeeding paragraphs of Section 1192 provide for an additional tax upon the shares of beneficiaries who bear a collateral relationship to the decedent, and allows to each of them an additional exemption from taxation, to the extent of $1,000, and additional taxes upon the shares of beneficiaries who are not of kin to the decedent, without the additional exemption.

The further sections of the act make provision for the collection of the taxes, in accordance with the varying conditions which may arise by reason of the varying characteristics which may be presented in individual cases, but we find nothing in any of these

provisions which is inconsistent with the views herein expressed.

3. It is urged by the plaintiffs that Section 1192 is unconstitutional, as being in violation of Article IV, Section 20, of the Constitution of Oregon, which reads thus:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

It is argued that the title of the original act limits the subject of the legislation to the taxing of gifts, legacies, and inheritances, while the amendment undertakes to levy an *estate* tax. If the act had undertaken to levy an estate tax in the sense in which that phrase is used in the English Finance Act, it is possible that plaintiffs' contention in this respect should prevail, but, as we have already shown, the amendment does not use the phrase "tax on all estates" in any such sense, but adheres consistently to the conception of taxes levied in perfect harmony with the title of the original act of 1903. The order of the lower court is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.   REHEARING DENIED.

BURNETT, C. J., and HARRIS and McBRIDE, JJ., concur.