Argued October 12, affirmed November 9, rehearing denied December
14, 1926.

# IN RE ESTATE OF MARY J. HECK.
# FRED W. BRONN, ADMR., *v.* THOMAS B. KAY,
## STATE TREASURER.

(250 Pac. 735.)

**Constitutional Law—Uniformity and Equality Restrictions in Levy
of Inheritance and Excise Taxes Need Only Conform to "Equal
Protection of Law" (Const. U. S., Amend. 14).**

1. State constitutional provisions requiring uniformity and equal-
ity in taxation do not limit legislative power in levying excise and
inheritance taxes beyond limitations contained in Const. U. S.,
Amend. 14, guaranteeing "equal protection of the law."

**Taxation.**

2. "Death duty" is charge or toll which state makes upon right
to transmit or to receive property on death of owner.

**Descent and Distribution—Wills—Legislative Restriction of Inheri-
tance of Property is Discretionary so Long as not Amounting to
Arbitrary Discrimination Between Beneficiaries Similarly Situ-
ated.**

3. Since right to receive property either by devise or by in-
heritance arises only through statutory enactment, legislature creat-
ing right may restrict devolution or inheritance as it sees fit, as
long as restriction does not arbitrarily discriminate between benefi-
ciaries similarly situated.

**Constitutional Law.**

4. Constitutional provision that citizens shall not be denied
"equal protection of the laws" does not mean exact equality of
taxation.

**Taxation—Legislature has Power to Levy Tax Having Incidents of
Both Estate and Inheritance Tax.**

5. Legislature has power to levy tax which has incidents of both
estate tax, which is levied on estate as whole, and inheritance tax,
which is computed upon amount which passes to each individual
heir, devisee or legatee, separately.

**Constitutional Law—Taxation—Inheritance Tax Law Held not Vio-
lative of Constitution Requiring Uniformity in Levy and Equal
Protection of Laws (Or. L., §§ 1191, 1192; Const., Art. I, §§ 20,
32, Article IX, § 1; Const. U. S., Amend. 14).**

6. Sections 1191, 1192, Or. L., imposing inheritance tax, *held*
not violative of Constitution, Article I, Section 32, and Article IX.

1. See 26 R. C. L. 198.
3. See 9 R. C. L. 14.
4. See 26 R. C. L. 241.

Section 1, requiring uniformity in levy, and Article I, Section 20, and Const. U. S., Amend. 14, requiring equal protection of laws, because of unreasonable and arbitrary discrimination between beneficiaries of the same class.

Descent and Distribution, 18 **C. J.**, p. 804, n. 56.
Taxation, 37 **Cyc.**, p. 737, n. 18, p. 746, n. 77, p. 1553, n. 60, p. 1554, n. 62 New, 64, p. 1556, n. 71, 72.
Wills, 40 **Cyc.**, p. 1051, n. 53.

From Multnomah: GEORGE TAZWELL, Judge.

In Banc.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. G. A. Johnson.*

For respondent there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Dean H. Dickenson,* with an oral argument by *Mr. F. S. Sever.*

BELT, J.—This is an appeal from a decree that an inheritance tax of $3,886.20 is due the state upon succession of certain heirs to property of the estate of Mary J. Heck, deceased.   The administrator does not question the finding of the trial court as to the value of the estate ($193,500.79) or the method in which the inheritance tax was computed, but asserts that the law, Sections 1191 and 1192, Or. L., purporting to authorize such tax, is unconstitutional in that it conflicts with Article I, Sections 20 and 32, and Article IX, Section 1 of the Constitution of Oregon.   Appellant, in assignments of error, says:

"That said sections, as construed, grant to certain citizens or classes of citizens privileges and immunities which do not upon the same terms belong to all citizens equally."

"That the taxation fixed by said sections, as con-. strued, is not equal or uniform."

"That said law, as construed, does not operate with uniformity."

Section 1191, as amended, and so far as material herein, reads: .

"All property within the jurisdiction of the state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass or vest by dower, curtesy, will or by statutes or inheritance of this or any other state, or by deed, grant, bargain, sale or gift, or as an advancement or division of his or her estate made in contemplation of the death of the grantor, or bargainor, or intended to take effect in possession or enjoyment after the death of the grantor, bargainor or donor to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, or by reason whereof any person or body politic or corporate, shall become beneficially entitled, in possession or expectation, to any property or income thereof, shall be and is subject to a tax at the rate hereinafter specified in section 1192, to be paid to the treasurer of the state for the use of the state; * * *"

Section 1192, paragraph 1:

"The rates of tax on all estates as provided in section 1191 shall be as follows: On any amount in excess of $10,000 up to and including $25,000, one per cent; on any amount in excess of $25,000 up to and including $50,000, one and one-half per cent; on any amount in excess of $50,000 up to and including $100,000, two per cent; on any amount in excess of $100,000 up to and including $300,000, three per cent; on any amount in excess of $300,000 up to and including $500,000, five per cent; on any amount in excess of $500,000 up to and including $1,000,000 seven per cent; on any amount in excess of $1,000,000, ten per cent. The above tax on the estate shall

be in full for all inheritance tax on any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to or for the use or benefit of any grandfather, grandmother, father, mother, husband, wife, child or any lineal descendant of the deceased.''

Other paragraphs in this section provide that ''in addition to the tax levied on such estate,'' collateral beneficiaries and those not of kin shall pay inheritance taxes in accordance with a certain graduated tax schedule therein specified. An exemption of $1,000 is allowed collateral beneficiaries but none to beneficiaries not of kin to decedent,

Let us consider the operation of this law in the instant case. Mary J. Heck died intestate leaving four children as her only heirs at law. The net or taxable value of the estate is $178,706.63. The tax was computed in the following manner:

| $10,000 | exempt ................$ | |
| 15,000 | taxed at 1% ........... | 150.00 |
| 25,000 | taxed at 1½% ......... | 375.00 |
| 50,000 | taxed at 2% ........... | 1,000.00 |
| 78,706.63 | taxed at 3% ........... | 2,361.20 |
| | | $3,886.20 |

Each heir upon succession to the property inherited would be obliged to pay one fourth of total tax, or $971.55. The method of computation followed is in keeping with the construction of the act as announced by this court in *In re Clark's Estate,* 100 Or. 20 (195 Pac. 370), wherein it was said, referring to Section 1192:

''The meaning and clear intent of which is, that all of the estate which is subject to distribution under the will or inheritance laws shall, after the exemption of $10,000, pay a tax as therein specified, and while

the tax is computed upon the aggregate estate as it exists before distribution, nevertheless it remains in nowise other than a tax upon each specific gift, legacy or inheritance, for it is computed upon the total of such gifts, legacies, and inheritances, and its apportionment among the several beneficiaries presents no difficulties whatever."

While appellant does not challenge the above method of computation, we have thus shown it in order to present clearly the constitutional question involved.

Appellant does not attack the constitutionality of inheritance or estate tax laws as such.. That state legislation may be enacted to levy a tax upon the right to receive property on death of its owner is no longer an open question: *In re Inman's Estate,* 101 Or. 182 (199 Pac. 615, 16 A. L. R. 675), and numerous cases therein cited. It is conceded that the legislature has a wide discretion in classifying objects of taxation. A classification made is not a subject for judicial review when there is any reasonable basis therefor. It is primarily a question for the legislature: *State ex rel Evans* v. *Kozer,* 116 Or. 581 (242 Pac. 621). Nor is complaint made as to classification of beneficiaries.

The contention of the administrator is that the law in question is unconstitutional by reason of its alleged arbitrary and unreasonable discrimination between beneficiaries of the same class. Our attention is directed to the fact that the distributive share of each heir in the estate now under consideration amounts to $44,676.66 and that each is obliged to pay a tax of $971.55, whereas a single heir to an estate of the net value of $44,676.66 would be obliged to pay a tax of only $445.15. Appellant's theory may be ex-

emplified by the following tabulations showing the
operation of Oregon's inheritance tax law.

Case 1.

  $10,000 received from net estate of $10,000.
  Lineal heir exempt $10,000.   No tax.

Case 2.

  $10,000 received from net estate of $50,000.
  Lineal heir—

| | | |
|---|---|---:|
| $10,000 | exempt .................... | |
| 15,000 | taxed at 1% .............. | $150.00 |
| 25,000 | taxed at 1½% ............ | 375.00 |

|  |  |
|---|---:|
| Total tax........ | 525.00 |
| Tax of lineal heir on $10,000........ | 105.00 |

Case 3.

  $10,000 received from net estate of $200,000.
  Lineal heir—

| | | |
|---|---|---:|
| $10,000 | exempt .................... | |
| 15,000 | taxed at 1% ............. | $ 150.00 |
| 25,000 | taxed at 1½% ............ | 375.00 |
| 50,000 | taxed at 2% ............ | 1,000.00 |
| 100,000 | taxed at 3% ............. | 3,000.00 |

|  |  |
|---|---:|
| Total tax ........................ | 4,525.00 |
| Tax of lineal heir on $10,000.........  | 228.25 |

In each of the above cases the lineal heir receives
the same amount from the estate, but in Case No. 1,
pays no tax; in Case No. 2, pays $105 tax; and in
Case No. 3, pays $226.25.   Can it be said that these
lineal heirs who are in the same class so far as
amount received from estate is concerned, stand equal
before the law?   It is to be observed that any lineal
heir who receives the same amount from an estate of
equal net value pays the same amount of tax.

1. In determining whether legislative power was
exceeded in the enactment of the law under considera-
tion, we must look to such limitations as may be
found in state and federal constitutions relative to

the exercise of such power. It is well established that provisions of state constitutions requiring uniformity and equality in taxation do not limit the power of the legislature in levying excise and inheritance taxes beyond those contained in the Fourteenth Amendment to the federal Constitution guaranteeing "equal protection of the law." *Standard Lumber Co.* v. *Pierce et al.,* 112 Or. 314 (228 Pac. 812).

2, 3. A death duty, whether it be an estate tax or an inheritance tax, is not a direct tax upon the property. It is a charge or toll which the state makes upon the right to transmit or to receive property on the death of the owner: *In re Inman's Estate, supra,* and numerous authorities therein cited. The right to receive property, whether by last will and testament or by inheritance, obtains by reason of statutory enactment. It is not a natural right: *In re Inman's Estate,* 101 Or. 182 (199 Pac. 615, 16 A. L. R. 675); *Stebbins* v. *Riley,* 268 U. S. 137 (69 L. Ed. 884, 45 Sup. Ct. Rep. 424); *Maxwell* v. *Bugbee,* 250 U. S. 525 (63 L. Ed. 1124, 40 Sup. Ct. Rep. 2); *Knowlton* v. *Moore,* 178 U. S. 41 (44 L. Ed. 969, 20 Sup. Ct. Rep. 747, see, also, Rose's U. S. Notes). If this premise be correct, it follows that the legislature which created the right may, in the exercise of its discretion, put such restrictions upon the devolution or inheritance of property as it sees fit, if not of such nature or character as plainly to indicate a hostile and arbitrary discrimination between beneficiaries similarly situated. It is said in *Stebbins* v. *Riley, supra:*

"There is much in judicial opinion to suggest that a State may impose any condition it chooses on the privilege of taking property by will or descent, or indeed, that it may abolish that privilege altogether, and, for this reason, that a State is untrammeled in its power to tax the privilege. See *Mager* v.

*Grima,* 8 How. 490 [12 L. Ed. 1168]; *United States*
v. *Perkins,* 163 U. S. 625 [41 L. Ed. 287, 16 Sup. Ct.
Rep. 1073]; *Knowlton* v. *Moore,* 178 U. S. 41, at page
55; *Campbell* v. *California,* 200 U. S. 87, at page
94'' [50 L. Ed. 382, 26 Sup. Ct. Rep. 182].

Continuing, the court said:

''But we do not find it necessary to discuss the
issue thus raised, for it has been repeatedly held by
this Court that the power of testamentary disposition
and the privilege of inheritance are subject to state
taxation and state regulation and that regulatory
taxing provisions, even though they produce inequali-
ties in taxation, do not effect an unconstitutional tak-
ing of property, unless, as was said in *Dane* v. *Jack-
son,* 256 U. S. 589, 599 [65 L. Ed. 1107, 41 Sup. Ct.
Rep. 566], the taxing statute 'results in such flagrant
and palpable inequality between the burden imposed
and the benefit received, as to amount to the arbitrary
taking of property without compensation—''to spolia-
tion under the guise of exerting the power of taxing.'' '
Citing *Bell's Gap R. R.* v. *Pennsylvania,* 134 U. S.
232, 237 [33 L. Ed. 892, 10 Sup. Ct. Rep. 533]; *Hen-
derson Bridge Co.* v. *Henderson City,* 173 U. S. 592,
615 [43 L. Ed. 823, 19 Sup. Ct. Rep. 553]; *Wagner* v.
*Baltimore,* 239 U. S. 207, 220 [60 L. Ed. 230, 36 Sup.
Ct. Rep. 66].''

*In re Inman's Estate, supra,* this court said:

''In this and in other jurisdictions, therefore, where
it is held that the right to transmit property at death
and the right of the living to receive property upon
the death of another are creatures of the law, it is
perfectly logical also to hold that the power which
creates the right to transmit and the right to receive
can tax such created rights and in fixing the amount
of such tax can discriminate between relatives, dis-
tinguish between strangers and relatives, and grant
exemptions.''

4. The constitutional provision that citizens shall not be denied "equal protection of the laws" does not mean exact equality of taxation. Since the power is vested in the state to select and classify objects of taxation, the exercise of such power must necessarily be more or less arbitrary. The human mind has never yet been able to devise a scheme of taxation which operates with perfect equality. As stated in *Kentucky Railroad Tax Cases,* 115 U. S. 321 (29 L. Ed. 414, 6 Sup. Ct. Rep. 57), and quoted with approval in *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283 (42 L. Ed. 1037, 18 Sup. Ct. Rep. 594), in referring to the above constitutional inhibition, it

"only requires the same means and methods to be applied impartially to all the constituents of a class so that the law shall operate equally and uniformly upon all persons in similar circumstances."

In *Nettleton's Appeal,* 76 Conn. 235 (56 Atl. 565), the inheritance tax law of that state was attacked for the reason, among others assigned, that it conflicted with the Fourteenth Amendment of the federal Constitution. It was there contended, as here, that the statute denied "equal protection of the laws." In support of the contention it was pointed out that "a legacy of $1,000 in estates of $10,000 is exempt from the tax, while a legacy of $1,000 in estates of $11,000 and upward is subject to that duty." The court said:

"We see no merit in this claim. It is true that a distinction between estates of $10,000 and those of more than $10,000, for the imposition of death duties, whether computed upon the estates as a whole or upon the separate legacies derived from them, is arbitrary; it is not true that laying such a tax is an arbitrary and hostile discrimination against any person."

The constitutionality of the act was upheld. Also see *Dixon* v. *Ricketts,* 26 Utah, 215 (72 Pac. 947), wherein the constitutionality of a similar statute was upheld. The case of *Stebbins* v. *Riley, supra,* is particularly applicable. It disposes adversely of every contention which appellant has made herein.

5. We are not unmindful of the distinction between an estate tax, which is levied upon the estate as a whole, and an inheritance tax, which is computed upon the amount which passes to each individual heir, devisee or legatee, separately. However, it is within legislative power to enact a statute levying a tax which has the incidents of both an estate tax and an inheritance tax. As was said by the United States Supreme Court in *Stebbins* v. *Riley, supra:*

"There are two elements in every transfer of a decedent's estate; the one is the exercise of the legal power to transmit at death; the other is the privilege of succession. Each, as we have seen, is the subject of taxation. The incidents which attach to each, as we have observed, may be made the basis of classification. We can perceive no reason why both may not be made the basis of classification in a single taxing statute, so that the amount of tax which a legatee shall pay may be made to depend both on the total net amount of the decedent's estate subject to the jurisdiction of the State and passing under its inheritance and testamentary laws and the amount of the legacy to which the legatee succeeds under those laws. Such a classification is not, on its face, unreasonable. The discrimination is one which bears a substantial relationship to the exercise of the power of disposition by the testator. It is one of the elements in the transfer which is made the subject of taxation. The adoption of the discrimination does not preclude the assumption that the legislature, in enacting the taxing statute, did not act arbitrarily or without the exercise of judgment or discretion

which rightfully belong to it, and we can find in it no basis for holding the statute unconstitutional.''

It is true this court said in *In re Inman's Estate, supra,* that the Oregon statute is a ''perfect example of an inheritance tax.'' Without doubt, however, the amount of tax which a beneficiary is obliged to pay depends upon the net value of the estate and his proportionate distributive share: *In re Inman's Estate, supra,* and Pinkerton & Millsap's Inheritance and Estate Taxes (1926), p. 397.

6. In view of the authorities above cited, it is clear that the statute does not conflict with the state constitutional provisions requiring uniformity and equality in taxation, nor does it offend against the Fourteenth Amendment of the federal Constitution. All beneficiaries, to whom the same factors apply, pay the same tax. It cannot, therefore, be said that they are the objects of hostile and arbitrary legislation. They are equal before the law.

It follows that the decree of the Circuit Court is affirmed.          AFFIRMED.   REHEARING DENIED.

RAND, J., absent.