Argued April 25; affirmed May 29, 1945

IN RE O'SHEA'S ESTATE
O'DONNELL ET AL. *v.* SCOTT, STATE TREASURER
(159 P. (2d) 198)

Before Belt, Chief Justice, and Rossman, Kelly, Bailey, Lusk, Brand and Hay, Associate Justices.

*Edgar Freed,* of Portland (Simon & Freed and John C. Failing, all of Portland, on the brief), for appellants.

*Dean H. Dickinson,* of Portland (George Neuner, Attorney General, on the brief), for respondent.

BAILEY, J. The single question here involved is whether the amount of the federal estate tax on this estate should be deducted from the residuum of the estate before computing the additional collateral inheritance tax payable to the state of Oregon, under the second paragraph of § 20-105, O. C. L. A., on the distributive share of James B. O'Shea, Jr., nephew of the decedent. The circuit court ruled that the federal

estate tax should not be deducted. From this order John F. O'Donnell, executor, and James B. O'Shea, Jr., administrator with the will annexed of the estate of John F. O'Shea, deceased, have appealed.

John F. O'Shea died testate on the 28th of October, 1943. In his will specific bequests and devises were made to various institutions and individuals, including his brother, James B. O'Shea, Sr., and his nephew, James B. O'Shea, Jr. The residue of the estate was left to his brother, James B. O'Shea, Sr. The latter predeceased the testator, leaving as his lineal descendant his son, James B. O'Shea, Jr., who took what his father would have received under the will had he survived the testator. We shall hereinafter refer to all the bequests and devises to James B. O'Shea, Sr., and to his son as if they had been made direct to James B. O'Shea, Jr.

The gross estate was appraised at $795,805.97. After making the deductions allowed by law the net estate amounted to $753,574.37. Specific bequests and devises aggregated $400,366.67, leaving a residuary estate of $353,207.70 before the payment of the federal estate tax. The federal estate tax amounted to $191,469.57. This latter amount was not deducted from the residuary estate before computing the amount of the state tax. In consequence, the total amount of the state tax assessed upon the distributive share of James B. O'Shea, Jr., was $38,293.92 greater than it would have been had the federal estate tax been deducted from the residuum of the estate before fixing the amount of such tax.

We are called upon again to construe chapter 13, Oregon Laws 1935, codified as §§ 20-106 and 20-107, O. C. L. A. In the case of *In re Lewis' Estate*, 160 Or. 486, 85 P. (2d) 1032, it was decided that the act was

constitutional and that the federal estate tax should not be deducted from the net estate before determining the tax thereon under the first paragraph of § 20-105, O. C. L. A. Now we are concerned with the question of whether the federal estate tax should be deducted from the residuary estate prior to the computation of the additional collateral tax imposed on the distributive share of James B. O'Shea, Jr., by the second paragraph of § 20-105, *supra.*

■ To arrive at the legislative intent in the enactment of chapter 13, *supra,* that act should be read in connection with all statutes relating to the same subject-matter "and effect given to every word, phrase, sentence and section of all such statutes, if that be possible". *Stowe v. Ryan,* 135 Or. 371, 386, 296 P. 857. With that canon of construction in mind we turn first to other statutory provisions relating to the inheritance tax.

Section 20-101, O. C. L. A., provides that "All property within the jurisdiction of the state, * * * which shall pass or vest by * * * will or by statutes of inheritance * * * to any person or persons * * * shall be and is subject to tax at the rate hereinafter specified in section 20-105 * * * ".

This last-mentioned section (§ 20-105) contains three unnumbered paragraphs. The first paragraph provides that the "rates of tax on all estates as provided in section 20-101 shall be as follows:" On any amount in excess of $10,000, up to and including $25,000, one per cent; then the tax is graduated on amounts above $25,000, reaching a maximum of 15 per cent on any amount in excess of $1,500,000. The tax specified in the first paragraph of this section is "in full for all inheritance tax" on such part of the

estate "which shall pass to or for the use or benefit of any grandfather, grandmother, father, mother, husband, wife, child or stepchild or any lineal descendant of the deceased."

Under the second paragraph of that section, when any inheritance, devise, etc., "shall pass to or for the use or benefit of any brother, sister, uncle, aunt, niece, nephew or any lineal descendant of the same, in every such case, in addition to the tax levied on such estate, such person shall pay an inheritance tax as follows:" On any amount in excess of $1,000, up to and including $3,000, one per cent, with the rate increasing progressively as the amount of the devise or bequest increases.

The third paragraph of this section specifies that "In all other cases, in addition to the tax levied on such estate" a devisee or beneficiary "shall pay an inheritance tax" at a higher rate than that prescribed in the second paragraph.

At the time of the enactment of chapter 13, Oregon Laws 1935 (§§ 20-106 and 20-107, O. C. L. A.), the legislature had not specified what deductions, if any, should be made from the gross estate in order to arrive at the net taxable estate. Certain deductions, however, were allowed by the courts. In the case of *In re Inman's Estate*, 101 Or. 182, 199 P. 615, 16 A. L. R. 675, it was held that the federal estate tax should be deducted from the gross estate before computing the amount of the state tax. The reason given for this conclusion is stated in the following language:

" * * * So far as we have been able to discover, every reported judicial opinion which recognizes and observes the well-defined and universally acknowledged distinction between an estate tax and an inheritance tax, is to the effect that the federal

estate tax must be deducted before measuring the amount of the state inheritance tax, *unless, however, some peculiar and unusual language appearing in the state statute controls and produces a different result:* \* \* \*.'' (Italics supplied)

In July, 1933, the case of *Cabell v. Holman,* 144 Or. 127, 24 P. (2d) 1, was decided. It was held there that, inasmuch as charitable bequests were exempted from inheritance tax, the value of such bequests should be deducted from the net value of an estate before computing the tax. At its next session after the decision in the Cabell case, the legislature enacted § § 20-106 and 20-107, O. C. L. A. (chapter 13, Laws of Oregon 1935).

Section 20-106, insofar as material here, reads as follows:

"In ascertaining the net value of estates for the purpose of computing inheritance tax the following deductions, and no others, may be made from the gross value of the taxable estate:

\* \* \* \* \*

"(d) Income or gift taxes of the United States or the state of Oregon owing at the date of death, *but not United States estate taxes.* \* \* \*'' (Italics supplied)

Section 20-107 is as follows:

"The rates of tax prescribed in the first paragraph of chapter 199, Oregon Laws, 1933 [§ 20-105 herein], shall be applied to the entire net estate remaining after allowance of the deductions hereinabove specified and the tax thus computed shall be apportioned to each distributive share of the estate in the ratio which each distributive share bears to the net estate; provided, that the proportion of such tax found to be apportionable to devises, bequests, legacies or gifts which are exempt under the provisions of chapter 26, Oregon Laws, 1933 [§ 20-101 herein], shall not be collected.''

It is apparent that the enactment of § 20-107 was prompted by the ruling in the Cabell case. The legislature put into statutory form the construction which the state treasurer had placed upon the statutes in force at the time of the decision in that case, but which this court had refused to follow. We fail to see how that section has any bearing whatsoever upon the question now before us for determination.

■ The federal estate tax was passed in 1916, thirteen years after Oregon had enacted its first inheritance tax law. Under the federal act no provision is made for charging the amount of the federal estate tax against the respective distributive shares. 26 U.S.C.A. § 810. Consequently, it is payable out of the residuary estate, if sufficient. In the instant case, the residuum of the estate is more than sufficient to pay the federal tax and must bear the entire burden of paying it.

At first, the rate of the federal tax was low, but, as time went on, it was greatly increased. Many of the states, which in the beginning had permitted the federal tax to be deducted from the gross estate before computing the state tax, have, due to the increase in the federal tax, passed legislation providing that the federal tax shall not be deducted in determining the net taxable estate.

Under the rule laid down in the case of In re Inman's Estate, supra, this state also found its revenue from the state inheritance tax being greatly reduced. The United States, in computing the federal estate tax, did not take into consideration the amount of the state inheritance tax. This fact, together with the ever-increasing federal tax, undoubtedly influenced the state legislature in the enactment of § 20-106, *supra*, providing that in "ascertaining the net value of estates for

the purpose of computing inheritance tax'' the United States estate tax should not be deducted "from the gross value of the taxable estate''.

■ We can not agree with the appellants' contention that the legislature intended to limit the application of the provisions of § 20-106 to the computation of the tax under the rates specified in the first paragraph of § 20-105 and did not intend it to cover the rates specified in the second and third paragraphs of that section. The amount of the tax payable to the state under the first paragraph of § 20-105 is computed upon the net estate, as defined by § 20-106, before distribution. Such tax, although figured upon the aggregate estate, is nevertheless a tax upon each specific gift, legacy, or inheritance. It is an inheritance tax and not an estate tax. *In re Clark's Estate,* 100 Or. 20, 195 P. 370; *In re Inman's Estate,* supra; *In re Lewis' Estate,* supra. As hereinbefore stated, we held in the case of In re Lewis' Estate that the amount of the federal estate tax was not to be deducted in determining the tax due under the first paragraph of § 20-105.

■ The second paragraph of § 20-105 provides for a tax, in addition to that specified in the first paragraph, on so much of the estate as shall pass to or for the use or benefit of collateral heirs. This tax is computed upon the net value of that portion of the estate which passes to or for the use or benefit of each collateral heir and not upon the net value depleted by the amount of the federal estate tax. If there were any doubt as to the meaning of § 20-106 in its application to the second paragraph of § 20-105, and we think there is none, it is entirely removed when we consider § 20-106 in connection with the title of chapter 13, Oregon Laws 1935 [§ § 20-106 and 20-107], reading as follows: ''An

Act Prescribing deductions which may be made from gifts, legacies and inheritances for inheritance tax purposes, and relating to the computation of such taxes.''

It is doubtful if language could be used which would convey more clearly the legislative intent, that the federal estate tax should be entirely disregarded in computing the state inheritance tax, than that used in the title and body of the act. We conclude, therefore, that the state tax is to be computed under all three paragraphs of § 20-105 as though there were no law providing for a federal estate tax.

■ It is asserted by the appellants that James B. O'Shea, Jr., would be paying an additional collateral tax on property never received by him unless the amount of the federal estate tax was first deducted from the residuary estate. A similar contention was answered in *Frick v. Pennsylvania,* 268 U. S. 473, 69 L. Ed. 1058, 45 S. Ct. 603, 42 A. L. R. 316, as follows:

> ''The objection that when no deduction is made on account of the federal tax the state tax becomes, to that extent, a tax on the federal tax, and not a tax on the transfer, is answered by what already has been said. But by way of repetition it may be observed that what the state is taxing is the transfer of particular property, not such property depleted by the federal tax. The two taxes were concurrently imposed and stand on the same plane, save as the United States possibly might have a preferred right of enforcement if the estate were insufficient to pay both.''

See also in this connection *In re Lewis' Estate,* supra, and the authorities therein cited.

No error was committed by the circuit court in its determination of the amount of inheritance tax due the state.

The order appealed from is therefore affirmed.