ERIC THARALSON, *Testamentary Trustee of Trust Established by Will of Agnes E. Tharalson,* AND ESTATE OF GWENDOLYN MILLER, *Deceased v.* STATE OF OREGON AND DEPARTMENT OF REVENUE

Steven A. Zamsky, Giacomini, Jones & Zamsky, Klamath Falls, represented plaintiffs.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered October 27, 1976.

CARLISLE B. ROBERTS, Judge.

Plaintiffs in this action seek a declaration that ORS 118.095, which requires proration of inheritance tax exemptions for those estates consisting of property located both within and without the State of Oregon, is in violation of the constitutions of the United States and the State of Oregon. They also seek recovery of taxes paid to the State of Oregon as a result of the operation of ORS 118.095.[1]

Plaintiff Eric Tharalson is the trustee of the testamentary trust established by the will of Agnes E. Tharalson, deceased, the trust including the probated estate after payment of administration expenses and taxes. The other named plaintiff is the Estate of Gwendolyn Miller, deceased, which is a pending probate in the Circuit Court of the State of Oregon for the County of Klamath. Agnes E. Tharalson was a California resident who died owning assets in Oregon and paid Oregon inheritance taxes. Gwendolyn Miller was an Oregon resident who died owning assets in Oregon and other states and whose estate will be paying inheritance taxes to Oregon.

By an order dated September 3, 1976, this action was certified as a class action pursuant to ORS 13.220 (1) and 13.220(2)(a)(B). This certification was made because the court had determined that

"[t]he prosecution of separate actions by or against individual members of the class would create a risk of:

"* * * * *

"[a]djudications with respect to individual

---

[1] ORS 118.095 was copied from the statutes of the State of Washington (RCW 83.12.020). The Washington statute appears not to have been construed by the Washington courts.

members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications * * *." (ORS 13.220(2) (a) (B).)

The class certified includes all heirs, devisees, legatees, survivors in interest, and beneficiaries of those persons whose estates have consisted of assets located within and without the State of Oregon and thus subject to the operation of ORS 118.095, unless barred by the three-year limitation of ORS 118.360.

Plaintiffs, by a motion filed March 15, 1976, requested the court to determine the validity of ORS 118.095 prior to proceeding with the class action. This motion was made pursuant to ORS 13.260(4) which requires such an advance determination "[w]here a party has relied upon a statute or law which another party seeks to have declared invalid, * * *." This requirement applies only to a class action brought under ORS 13.220(2) (c). As the plaintiff class was certified under ORS 13.220(2) (a) (B), it was not necessary for the court to rule on the validity of ORS 118.095 prior to proceeding with this case.

ORS 118.095 provides in pertinent part:

"(1) Where there is property belonging to decedent both within and without the State of Oregon exemptions allowed under the inheritance tax provisions of ORS 118.005 to 118.840 shall be prorated, and that portion allowed in the State of Oregon shall be in that proportion that the value of the property within the state bears to all the property within and without the State of Oregon."

An example found in OAR 150-118.095, Inheritance and Gift Tax Laws and Administrative Rule Book, 1975, Department of Revenue, illustrates the manner

in which the provisions of ORS 118.095(1) are applied by the defendants:[20]

> "*Example* (1). Proration of the $25,000 basic tax exemption under ORS 118.100(1):
>
> Property within Oregon is appraised at   $ 75,000
> Property without Oregon is appraised at   25,000
> Total value of decedent's property is   $100,000
>
> "The allowable portion of the $25,000 exemption is $18,750 which bears to $25,000 the same ratio which $75,000 bears to $100,000.

$$\frac{\$ \ 75,000}{100,000} \times \$25,000 = \$18,750$$

> "The unallowable portion of the $25,000 exemption is $6,250 which is taxed at 3 percent, the lowest rate in ORS 118.100(1)."

Using the 1975 tax rates, the basic tax on the Oregon portion of this estate would be computed as follows:

$18,750 (allowed exemption) .......... × . 0 = $   0
  6,250 (disallowed portion of
       exemption) ......................... × .03 =   187.50
  50,000 ................................................ × .03 =  1,500.00
$75,000

Total basic tax .................................................. $1,687.50

---

[20] Although defendants apply ORS 118.095 only to what are described as the "basic tax exemptions" of ORS 118.100, the proration statute would also seem to be applicable to other exemptions granted in ORS 118.005 to 118.840. These are the life insurance exemptions (ORS 118.040(2) and (3)); pension benefit exemptions (ORS 118.050); reciprocal exemption for intangibles owned by a nonresident decedent (ORS 118.060); and the exemption for nonfee interests in federal grazing land (ORS 118.085). The issue was not raised by the parties.

It should be noted, too, that defendants' characterization of the untaxed portions of a decedent's net taxable estate or gifts to collateral relatives or strangers as "basic tax exemptions" is not supported by the language of ORS 118.100 itself, but this court relies on the Oregon Supreme Court's designation of these untaxed amounts as "exemptions" in *In re Estate of Heck,* 120 Or 80, 250 P 735 (1926); *In re Clark's Estate,* 100 Or 20, 195 P 370 (1921).

If the full exemption had been allowed against the Oregon property, the tax would have amounted to $1,500. Because the "basic exemption" is prorated with reference to the out-of-state property, there is a greater tax imposed on the in-state property. It is the assessment of this greater tax that plaintiffs challenge here.

Plaintiffs allege that ORS 118.095 violates the Fourteenth Amendment to the U.S. Constitution by operating to tax property outside the jurisdiction of this state. Plaintiffs have not alleged specifically in their complaint whether the statute violates the Due Process Clause, the Equal Protection Clause or the Privileges and Immunities Clause. Plaintiffs also allege violation of Article I, § 32, and Article IX, § 1, of the Oregon Constitution, by imposing unjustified and unequal tax burdens on individuals similarly situated. The defendants argue that the statute is free of constitutional infirmities.

Plaintiffs' federal constitutional challenge, if valid, is most appropriately based on the Due Process Clause of the Fourteenth Amendment, which prohibits a state from levying a tax on property located outside its jurisdiction. *Treichler v. Wisconsin,* 338 US 251, 70 S Ct 1, 94 L Ed 37 (1949), and *Frick v. Pennsylvania,* 268 US 473, 45 S Ct 603, 69 L Ed 1058, 7 AFTR 9340, 42 ALR 316 (1925), have been cited to support the argument that ORS 118.095 reaches out-of-state property by its proration of the "basic exemption."

In the *Frick* case, the Commonwealth of Pennsylvania sought to impose an inheritance tax on the transfer, by will or intestate succession, of all of a decedent's property without regard to the location of the property. The Supreme Court held that the statute was invalid insofar as it actually taxed the transfer of tangible personal property having a situs outside

the state. The *Treichler* case had a similar result on a different set of facts. There, the State of Wisconsin had imposed an "emergency tax" on inheritances. This tax was in addition to the "normal inheritance tax" and the state "estate tax," and was computed by adding the normal tax and the estate tax and taking 30 percent of the total after a deduction for inheritance taxes paid to other states. The normal tax was levied against in-state property but the estate tax was "80 percent of the basic federal tax subject to credit, less 'the aggregate amount of all estates, inheritance, transfer, legacy, and succession taxes paid' " to other states. The Supreme Court determined that in its simplest form the emergency tax was "80 percent of the basic federal tax, rated and measured by the entire estate, regardless of situs * * *."

Defendants have cited three cases in support of the constitutionality of ORS 118.095. These are: *Maxwell v. Bugbee,* 250 US 525, 40 S Ct 2, 63 L Ed 1124 (1919); *Rigby v. Commissioner of Rev. of N. Carolina,* 2 NC App 57, 162 SE2d 682, *aff'd,* 274 NC 465, 164 SE2d 7 (1968); and *Estate of M. Lagergren,* 276 NY 184, 11 NE2d 722 (1937). In these cases, three substantially identical statutes, each prorating the amount of inheritance tax with reference to out-of-state property, were upheld. These taxing schemes computed the total inheritance tax under the applicable state rates as if the decedent's entire estate were inside the state and then prorated the tax based on the ratio of the in-state property to the total estate property, wherever found. The court in both the *Rigby* and *Lagergren* cases relied on the ruling in *Maxwell v. Bugbee.* Both courts quoted the Supreme Court, which had stated, 250 US at 539:

"* * * In the present case the state imposes a privilege tax, clearly within its authority, and it has adopted as a measure of that tax the propor-

tion which the specified local property bears to the entire estate of the decedent. * * * The transfer of certain property within the state is taxed by a rule which considers the entire estate in arriving at the amount of tax. It is in no just sense a tax upon the foreign property, real or personal. * * *"

The *Maxwell* case has been cited in many challenges to state tax laws. After careful study of plaintiffs' contention that *Maxwell* is wrong, the court concludes that it merits continued use as an authority and is a firm part of today's constitutional law.

■ The *Rigby, Lagergren* and *Maxwell* cases are more applicable to the instant case than are *Treichler* and *Frick*. ORS 118.095 prorates an exemption which would be granted in full against the entire estate if the entire estate were within the jurisdiction of the State of Oregon, and prorates that exemption in proportion to the ratio between the in-state property and the total estate. This is analogous to the proration that occurred in *Rigby, Lagergren* and *Maxwell* because in each instance the tax was computed on the entire estate, then prorated in accordance with the ratio between in-state property and the entire estate, and the prorated exemption was applied only against in-state property. The inheritance tax is assessed only against that property which has its situs in Oregon. ORS 118.095 does not violate the Fourteenth Amendment requirements of due process.

Plaintiffs' challenge to ORS 118.095, based upon the state Constitution, also rests on the uniformity clauses Articles I, § 32, and Article IX, § 1, of the Oregon Constitution. These provisions require that taxation be uniform on the same class of subjects. As stated by the Supreme Court in *In re Inman's Estate,* 101 Or 182, 194, 199 P 615, 619, 16 ALR 675 (1921),

and cited with approval in *In re Estate of Heck*, 120 Or 80, 250 P 735 (1926):

"* * * [T]he power which creates the right to transmit and the right to receive can tax such created rights and in fixing the amount of such tax can discriminate between relatives, distinguish betweeen strangers and relatives, and grant exemptions: * * *."

The question before the court, then, is whether or not the classification of recipients from decedents' estates containing property both within and without the state has a reasonable basis and does not arbitrarily discriminate. *In re Estate of Heck, supra.* In *Smith et al v. Columbia County et al*, 216 Or 662, 341 P2d 540 (1959), the Supreme Court discussed the test for determining the reasonableness of a classification for tax purposes. The court stated that there is no rigid rule of equality of taxation imposed upon the legislature, and that a singling out of a particular class for taxation or exemption does not infringe upon constitutional provisions, citing *Great Atlantic & Pac. Tea Co. v. Grosjean*, 301 US 412, 57 S Ct 772, 81 L Ed 1193, 112 ALR 293 (1937). The court quoted other cases in support of the proposition that the legislature may also grant specific exemptions from tax. When there are different classifications, all of the classifications need not be treated alike. *Smith et al, supra,* 216 Or at 684.

■ The proration provision of ORS 118.095 distinguishes between those estates which contain property located wholly within Oregon (whether owned by residents or nonresidents) and those estates containing property located both within and without Oregon (again, whether owned by residents or nonresidents). It is the court's opinion that it is reasonable to prorate exemptions based on this distinction in order to reflect appropriately an estate's total value, and the

amount of tax it would have incurred if all of its assets were located in Oregon. Without the proration, under the law prior to 1969, an estate could and did receive a full exemption in Oregon against only a portion of its total value, thus incurring a lower tax obligation than if located and taxed entirely in Oregon.

By enacting ORS 118.095, the legislature had reduced the exemption allowed, both to residents and nonresidents, against in-state property by reference to the amount of a decedent's entire estate. An ability-to-pay factor is implicit in the tax rate derived from the formula as to residents and nonresidents whose property lies in two or more states, including Oregon. This has the effect of increasing the tax on the in-state property but does not reach the out-of-state assets of a decedent's estate. The legislature may enact laws to recover the greatest amount of revenue to which the state is entitled. *Maxwell v. Bugbee, supra.*

ORS 118.095 is found to be constitutional and a decree will be entered, dismissing plaintiffs' complaint.