Argued at Pendleton May 7; reversed May 21, 1940

# WILSON *v.* HENDRICKS
(102 P. (2d) 714)

In Banc.

A. S. Cooley, of Pendleton, for appellant.

M. Keith Wilson, of Joseph, for respondent.

LUSK, J.  This action was brought to recover from the defendant the sum of $960, which the plaintiff claims he would have earned and received as compensation for services as executor under a will but for the wrongful acts of the defendant.  A jury trial resulted in a verdict and judgment for the plaintiff, and defendant appeals.

In the amended complaint, plaintiff, an attorney at law, alleges that in 1928, at Joseph, Wallowa county, Oregon, he drew a will for Alice L. Hendricks by which she disposed of her property and named the plaintiff executor; that she left the will in plaintiff's possession; that Alice L. Hendricks died in August, 1938, in Glendale, California; that the defendant, a son of Alice L. Hendricks, falsely represented to the plaintiff that he had been appointed executor of a later will executed by his mother in California, and, thereafter, at the defendant's request, the plaintiff sent the will in his possession to the defendant; that the plaintiff subsequently learned that no valid will had been drawn in California and defendant had not been appointed executor of any such will, and demanded that defendant

return the will which plaintiff had sent to him, but the defendant refused to comply with such demand; that "on or about the 9th day of September, 1938, proceedings were instituted in the County Court of the State of Oregon for Wallowa County, Oregon, to administer upon the Estate of Alice L. Hendricks, deceased, as an intestacy; that A. S. Cooley was appointed as the administrator of the said Estate of Alice L. Hendricks, deceased; that said Estate is now in process of administration in said County and State, and that the value of the property in Wallowa County, Oregon, belonging to the said Estate of Alice L. Hendricks, deceased, has been established as $42,960.00." It is alleged that the wrongful acts of the defendant prevented plaintiff from offering the will which he had drawn for probate in Wallowa county, Oregon, prevented his being appointed executor, and so caused him the loss of $960, the executor's compensation which otherwise he would have earned.

At the close of plaintiff's case the defendant moved for a judgment of involuntary nonsuit, which was denied. This, we think, was error.

Evidence introduced by the plaintiff tended to support the allegations of the amended complaint as to the wrongdoing of the defendant. The defendant's answer admitted the appointment of A. S. Cooley by the county court of Wallowa county as administrator of the estate of Alice L. Hendricks, deceased. In addition, the plaintiff introduced in evidence the petition of F. A. Hendricks, D. B. Hendricks and A. S. Cooley for such appointment. This petition, filed September 9, 1938, sets forth all the facts necessary to give the county court jurisdiction under §§ 11-205, 11-208 and 11-209, Oregon Code 1930. That is to say, it shows that

Alice L. Hendricks died in California; that she left no husband surviving her; that she did not leave a last will or testament; that F. A. Hendricks and D. B. Hendricks are sons of the deceased and her sole lineal descendants and heirs; that the deceased left an estate in Wallowa county, Oregon, consisting of real and personal property; that F. A. Hendricks and D. B. Hendricks are nonresidents and therefore not qualified to act as administrators of said estate; that A. S. Cooley is a resident and inhabitant of Umatilla county, Oregon, a citizen of the United States, more than twenty-one years of age, and in all respects competent and qualified to act as administrator of said estate.

On the basis of the facts so averred the county court appointed A. S. Cooley administrator, as alleged in the complaint.

■ It is settled that the county courts of this state, when acting in probate matters, are courts of general jurisdiction, and, whenever their proceedings are called in question collaterally, they are entitled to all the legal presumptions pertaining to the records of courts of superior jurisdiction. One of the most recent announcements of this doctrine is to be found in *Woodburn Lodge v. Wilson*, 148 Or. 150, 159, 34 P. (2d) 611, where a number of the earlier decisions are cited.

■ It is a principle of equal validity that the orders and decrees of these tribunals are not subject to collateral attack except when the want of jurisdiction appears upon the face of the record: *Yeaton v. Barnhart*, 78 Or. 249, 257, 150 P. 742, 152 P. 1192; *Smith v. Whiting*, 55 Or. 393, 400, 106 P. 791; *Holmes v. O. & C. R. R. Co.*, 7 Sawyer 380, 9 Fed. 229. The opinion in the case last cited is an able exposition of this doctrine by Judge Sawyer. The mother of a young man who had come to

his death by accident filed a petition in the probate court of Multnomah county praying that letters of administration be granted to one H. W. Davis. In her petition she alleged, among other things, "that deceased was at, or immediately before his death, an inhabitant of said county." Davis was appointed administrator, and in that capacity brought an action in the state circuit court against the railroad company to recover damages for the wrongful death of the deceased. This action resulted in a verdict for the defendant, which was affirmed, on appeal, by this court. Thereafter, one Sidney Dell, the attorney who represented the mother and the plaintiff, administrator, in the former proceedings, filed a petition in the county court of Jackson county, Oregon, in which it was alleged, "that deceased was at and immediately before his death an inhabitant of said county of Jackson in said state of Oregon", and praying that Leander Holmes be appointed administrator, which was done. Holmes, as administrator, then filed a libel in the United States district court for the identical cause of action alleged by Davis, administrator, in the state court. It was held that the libel could not be maintained because the appointment of the plaintiff as administrator by the county court of Jackson county was void. It was a collateral attack upon the order and judgment of the county court of Multnomah county, which, having jurisdiction of the subject matter, had determined that the deceased, at the time of his death, was an inhabitant of Multnomah county. The county court of Multnomah county, it was said, "had jurisdiction upon the petition filed to hear evidence, and inquire into, determine, and adjudge the fact of inhabitancy of Perkins at or immediately before his death; and having made the inquiry, and determined

and adjudged the fact, the judgment is 'conclusive on all the world,' and 'puts an end to the inquiry concerning the fact by deciding it.' The petition for the appointment of an administrator, and the proceedings thereon, are in the nature of proceedings *in rem.* 'All the world was a party' to the proceedings, and, consequently, all the world is estopped by the adjudication thereon. (Grignon's Lessees, 2 How. 338.)''

■ In this case, as appears from the affirmative showing of the plaintiff, the county court of Wallowa county had jurisdiction to hear the petition for the appointment of Cooley as administrator and to determine the question of whether or not Alice L. Hendricks died intestate. By its order appointing Cooley administrator, it necessarily found and determined the fact of intestacy. The foundation stone of the plaintiff's alleged cause of action is that Alice L. Hendricks died leaving a last will and testament in which he was nominated the executor. Without proof of that fact his case collapses, and the verdict of the jury necessarily determined it. And so, if the judgment under review is to be permitted to stand, we have an adjudication of the county court, to which is granted the exclusive jurisdiction in the first instance pertaining to a court of probate (§ 28-1003, Oregon Code 1930), that Alice L. Hendricks died intestate, and a subsequent judgment of the circuit court which implicitly determines that she died leaving a last will and testament. That this constitutes a collateral attack on the judgment of the county court there can be no question, because its object and purpose is "to avoid the judgment, leaving it to stand as a judgment of the court which pronounced it". Bailey on Jurisdiction, 140, quoted with approval in *Acton v. Lamberson,* 102 Or. 472, 202 P. 421, 732.

■■ Another fatal defect, closely allied to that just pointed out, appears in the plaintiff's case. As stated, proof of the alleged will is a *sine qua non* of his right to recover. The plaintiff attempted to establish the will by his own evidence given upon the trial. But this evidence was clearly incompetent and of no value whatever as proof in this proceeding, because exclusive jurisdiction to prove a will is vested in the county courts, and, until so proved, a will, generally speaking, is of no effect. It is said in Schouler on Wills, Executors and Administrators, 59, § 824:

"In general, the necessity of a probate is fully sustained by modern practice in England and this country. The production of what purports to be a will can be of no legal force in the courts, however respectable the document, without this public record and seal of authenticity; and neither the temporal courts in England, nor the courts of law and equity in the United States, will take cognizance of the testamentary papers, or of the rights dependent on them, until after their proper probate.

"Thus a will until probate is of no effect whatever and cannot be used as showing title, or be placed in evidence, although the will has been probated in another State, and should not be recorded, but a bill in equity seeking to enforce a trust may not need to await probate."

The decision of this court in *Willamette Falls Canal and Lock Company v. Gordon,* 6 Or. 175, 180, announces the same rule. See 28 R. C. L., Wills, 357, § 358, and authorities cited in the notes. If it be said that the will could not have been probated because it was out of the possession of the plaintiff, and, as the evidence discloses, lost, the answer is furnished by the statute, which provides:

''Any executor, devisee, or legatee named in any will, or any other person interested in the estate, may, at any time after the death of the testator, petition the court having jurisdiction to have the will proved, whether the same be in his possession or not, or is lost or destroyed, or beyond the jurisdiction of the state, or is a nuncupative will ＊ ＊ ＊'' § 11-202, Oregon Code 1930.

The authorities are not harmonious on the question whether part of a lost will can be admitted to probate or whether there must be complete proof of all its contents. 28 R. C. L., Wills, 383, § 386. Discussion of that subject may be found in 1 Underhill on Wills, § 278; Thornton on Lost Wills, Ch. 9; and *Estate of Patterson*, 155 Cal. 626, 102 P. 941, 132 Am. St. Rep. 116, 26 L. R. A. (N. S.) 654, 18 Ann. Cas. 625, with note at p. 630; but it need not be further noticed here, because the plaintiff, who did not keep a copy of the alleged will, but apparently is blessed with an excellent memory, testified to its contents *in toto*. There is no showing that the witnesses to the alleged will were not available to prove its due execution. Thus, it follows, both that the plaintiff's case rests upon incompetent evidence and that the alleged misrepresentations of the defendant and his act in failing to return the will when demanded did not prevent the plaintiff from probating the will.

The plaintiff urges that he is given the right to maintain this action by § 11-201, Oregon Code 1930, which reads:

''Every custodian of a will, within thirty days after receipt of information that the maker thereof is dead, must deliver the same to the county court having jurisdiction of the estate, or to the executor named therein, and any such custodian who shall fail or neglect to comply with the provisions of this section shall be held

responsible for any damages sustained by any person injured thereby.''

But, whatever may be the circumstances under which the remedy intended by this statute may be invoked, it cannot be availed of in such a way as to circumvent or overthrow established principles relating to the jurisdiction of the probate courts and the effect of their judgments; and, moreover, the plaintiff does not come within its provisions because he could have probated the will, and, therefore, has not been damaged by the refusal of the defendant to deliver it to him on demand. His remedy, if the will is valid, is by offering it for probate in the county court of Wallowa county; and, for all that appears, that course is still open to him.

Other reasons why the judgment cannot stand have been pressed upon us by the defendant, but, as what has been said already is sufficient to dispose of the case, it is unnecessary to discuss them.

The judgment of the circuit court is reversed and the cause remanded with directions to enter a judgment of involuntary nonsuit.

RAND, C. J., and KELLY and BELT, JJ., concur.

ROSSMAN, BEAN and BAILEY, JJ., not sitting.