Argued March 22, reversed July 11, 1956

In re Estate of Bertha F. Comings, Deceased
UNANDER *v.* STACKPOLE et al
299 P. 2d 612

64

*William E. Dougherty,* Special Assistant Attorney General, Portland, argued the cause for appellant. With him on the briefs was Robert Y. Thornton, Attorney General, Salem.

*L. L. Ray* argued the cause for respondent-executrix. On the brief were Ray and Pennington, Eugene.

*Ronald W. Husk* argued the cause for respondent and cross-appellant. On the brief were Harris, Butler & Husk, Eugene.

Before Tooze, Acting Chief Justice, and Rossman, Lusk, Brand and Perry, Justices.

ROSSMAN, J.

This is an appeal by the Honorable Sig Unander, State Treasurer, from a decree of the Probate Depart-

ment of the Circuit Court for Lane County, which determined the inheritance tax due the state under the will of Bertha F. Comings, deceased. The appellant treasurer challenges the amount of the tax as determined by the circuit court. The cross-appellant, Helen M. Bagg, attacks the holding that any tax whatever is payable upon the bequest to her.

Decedent Bertha F. Comings was a niece of Lydia M. Moore, who died testate in 1942. Mrs. Bagg was the daughter of Mrs. Moore's husband. The will of Mrs. Moore, which is a material item in this cause, was probated in the county court of Lane county in 1943. It was not until 1945 that the jurisdiction of the county court of Lane county over wills and decedents' estates was transferred to the circuit court for that county. See Oregon Laws, 1945, chap 334.

The part of the will of Mrs. Moore which is pertinent to the issues before us is the following:

"SECOND: I give and bequeath unto my beloved niece Bertha F. Comings of Eugene, Oregon all of my property of every kind and description and wheresoever situated, to have and to hold and use the same as she shall deem best, without any condition or qualification whatsoever, and upon the death of said Bertha F. Comings, it is my wish that all of the properties bequeathed to her under this Will, and then in her possession and ownership shall descend to and become the absolute property of my step-daughter Helen M. Bagg, of Holyoke, Massachusetts."

The county court entered an order which determined the Oregon inheritance tax payable by the estate of Mrs. Moore. Therein it was determined that the entire net estate of the deceased was taxable as a legacy and devise to Bertha Comings on the basis that she was the sole devisee and legatee of the estate.

Miss Comings died December 17, 1951. Our deliberations are concerned with the following clauses of her will:

"FIRST: I direct the payment of all my just debts, expenses of my last illness and funeral expenses as soon as practical after my death. I further direct payment from the property belonging to my estate of all estate or inheritance taxes imposed upon my estate, or upon any distributive share thereof on account of the value of my estate, or on account of any life insurance, property held in joint tenancy, or property, if any, disposed of by me prior to the time of my death.

"SECOND: I hereby acknowledge that I received the residue of the estate of my aunt, LYDIA M. MOORE, under the terms of her Last Will and Testament, which was probated in Lane County, Oregon, and that up to the present time, I have used and consumed a portion of the same so that the balance thereof now in my possession and under my control is the sum of $100,000.00. I hereby declare that I have been unable to ascertain whether or not I took the residue of said estate absolutely or whether I took a life estate therein with power to use and consume the same, with the remainder of whatever might be left at the time of my death vested in HELEN M. BAGG. However, I hereby declare it to be my desire to conform with the wish of my said aunt as expressed in her said Last Will and Testament, insofar as I am able to do so without placing an extra tax burden on the remainder of my estate. Therefore, I charge my Executrix, hereinafter named, with the duty of determining the true nature of my interest in said property and if it shall be determined that I held said property in trust for the said HELEN M. BAGG, as aforesaid, and my Executrix finds that she is authorized to deliver any of the residue thereof remaining in my hands at the time of my death without the payment of Federal Estate Taxes,

Oregon State Inheritance Tax or Collateral Tax, and subject only to the payment of such collateral tax by the said Helen M. Bagg as may be due from her to the State of Oregon on account of any additional tax on said amount because of her receiving the same from my said aunt, then in such event, I hereby direct my said Executrix to deliver said property to her on payment of such Collateral Tax. However, should my said Executrix determine that said property was held by me absolutely and that the same is subject to Federal Estate Tax, Oregon Inheritance Tax and Collateral tax on account of the same being a part of my estate, then, in such event, I hereby give and bequeath unto the said HELEN M. BAGG, now of 74 Fairfield Avenue, Holyoke, Massachusetts, provided that she survive me, the sum of $100,000.00 less whatever amount of Federal Estate Tax, State of Oregon Inheritance Tax and Collateral Tax that may be levied or assessed against my estate for her said distributive share thereof on account of my having said additional sum in my estate at the time of my death. I further direct my Executrix, hereinafter named, to compute the amount of such taxes and to subtract the amount thereof from said sum of $100,-000.00 in order to determine the amount to be delivered to the said HELEN M. BAGG on account of the bequest provided for her in this paragraph of my Will, and I direct the delivery of such determined amount to her in cash or in securities from my estate at the market value thereof at the time of the distribution of my estate."

The executrix of the estate of Bertha F. Comings, deceased, petitioned the circuit court for determination of the inheritance and collateral taxes due the state. Persons and institutions affected by the determination were cited to appear, and defaults were entered against all but a bank, the State Treasurer and Helen Bagg. The latter filed a return and cross-petition.

Stipulations were filed setting forth the facts and containing computations of the tax due the state under the various positions taken. The computations as summarized in the succeeding paragraphs reflect the areas of difference on this appeal.

Decedent's (Miss Comings') gross estate, including the $100,000 mentioned in her will, was $339,267.72 or $239,267.72 without it. Indebtedness, expenses and costs of administration totaled $22,026.63. Inclusion of the $100,000 in her estate increased the amount of federal estate taxes by $27,000.

The executrix supports the position that the aforementioned sum of $100,000 was a part of Miss Comings' estate and that the first paragraph of the will applies to all parties taking under it, including Mrs. Bagg. The gift to Mrs. Bagg, made in the second paragraph of Miss Comings' will, is, according to the executrix, contingent in amount and determined by deducting from $100,000 (a) the amount in which the federal estate taxes are increased by reason of the inclusion of the sum in the estate; (b) the amount in which the Oregon inheritance tax is increased by the inclusion of the $100,000 in the estate; and (c) the added collateral inheritance tax payable by reason of the inclusion. Summarizing, the executrix argues that the gift to Mrs. Bagg must be computed in such manner ''as to leave the amount of the residue of said estate for distribution to the Trustee, so far as inheritance and estate taxes are concerned [in] the precise amount as would have been distributed to it if the estate had been reduced by $100,000.00 a moment prior to the death of the testatrix.'' The result of this computation is a gift of $47,699.45. The amount of state taxes paid by the estate on account of the inclusion ($24,649.25

basic and collateral occasioned by gifts to Mrs. Bagg and $651.30 basic and collateral for devises to others) is then added to $47,699.25 as an added gift to Mrs. Bagg, making an adjusted total bequest of $73,000.

The respondent cross-appellant, Helen M. Bagg, asserts that Miss Comings held the $100,000 as trustee under a life tenancy, so that Mrs. Bagg "is entitled to the fund as beneficiary of said trust without liability to the State of Oregon for basic inheritance or collateral taxes or to the United States of America for estate taxes, said taxes having been paid during the administration of the estate of Lydia M. Moore, deceased." In other words, it is this petitioner's position that the problem before this court is the interpretation of Mrs. Moore's will and that the correct interpretation of that instrument is a finding that Miss Comings held a life interest in the bequest of Mrs. Moore and that Mrs. Bagg now receives the sum as remainderman without having to pay added taxes.

The State Treasurer agrees with the executrix that the whole $100,000 is a part of the Comings estate. He denies that the first paragraph of the Comings will applies to the gift to Mrs. Bagg or that the gift to her in the second is contingent in amount. Furthermore, according to him, no deduction may be taken for any inheritance or estate taxes due in determining "either the net value of this estate or the amount of any bequest." The directions of the second paragraph, so he says, control the generalities of the first and express an intent that Mrs. Bagg should bear her share of the taxes due by reason of the inclusion without benefit or penalty to the residuary estate. The computation under these contentions shows an adjusted total bequest of $100,000 to Mrs. Bagg.

After a hearing, the judge below entered a decree sustaining the position of the executrix. The treasurer and Mrs. Bagg bring this appeal.

The position of Mrs. Bagg presents a question which must be determined before any other, for, if she is correct, our task here requires the interpretation of two wills. But the first question is not whether she is correct, but whether she can be heard in this proceeding. We noted that Mrs. Moore died in 1943. Her will was probated in the county court for Lane county, and inheritance taxes were determined by that court. A stipulation signed by the parties states:

"5. That the Will and estate of LYDIA M. MOORE, deceased, were probated in the County Court of Lane County, Oregon, being Probate File No. 8210 in said Court. That on April 15, 1943, the County Court of Lane County, in the matter of the estate of LYDIA M. MOORE, deceased, duly made and entered an order determining the amount of inheritance taxes payable to the State of Oregon therein. That in said Order it was determined that the entire net estate of LYDIA M. MOORE was taxable as a legacy and devise to BERTHA F. COMINGS, a niece of LYDIA M. MOORE, and a normal tax on the net estate of $3,828.09, and a collateral tax of $19,372.37 was imposed by said order. That the said determination of inheritance tax was made upon the basis that BERTHA F. COMINGS was the sole legatee and devisee of the estate of LYDIA M. MOORE. That the said inheritance tax was paid to the State Treasurer of the State of Oregon by the Executrix of the estate of LYDIA M. MOORE, deceased, and the official receipt No. 16024 of the State Treasurer was issued to said Executrix August 24, 1943.

"6. It is stipulated and agreed that all the foregoing may be considered in connection with the pleadings filed by the respective parties."

We construe the stipulation as revealing that the probate court in interpreting the Moore will held that the legacy to Miss Comings was an absolute devise. No appeal was taken from that determination.

The issue which Mrs. Bagg submits constitutes a collateral attack on the determination made in 1943. The reason why that is so is that, under ORS Chapter 118, inheritance taxes are calculated with regard to the relationship of the legatee or devisee to the decedent and the nature of the interest given. Thus, a finding by the court that Miss Comings received but a life estate would have resulted in a different tax on the interest passing to her. Therefore, that court must have determined the nature of the interest so passing, and the record before us shows that the will was interpreted as giving to Miss Comings an absolute interest. The action of the county court in the inheritance tax determination since that function was placed within its jurisdiction by constitutional provision and statute (Constitution of Oregon, original Art. VII, § 12, and OCLA § 13-501) is entitled to all the presumptions of regularity and validity attendant upon any court's adjudication. *Anderson v. Clough,* 191 Or 292, 230 P2d 204. The determination of the inheritance tax in 1943 is not subject to attack here where no want of jurisdiction in that court appears from the record. *Wilson v. Hendricks,* 164 Or 486, 102 P2d 714; 30 Am Jur, Judgments, § 149; 49 CJS, Judgments, § 407. For us to enter upon a re-examination of the interpretation of the will of Mrs. Moore in respect to the interest given Miss Comings would be an omission to accord the 1943 determination the standing to which it is entitled in the absence of any showing of lack of jurisdiction in the probate court.

As between the state and the estate, the parties

had a difficult time coming to issue. It is useful and necessary to follow through at some lengths the process of the argument in order to understand with precision what we are called upon to decide. We have quoted the pertinent portions of the Comings will. The proposition maintained by both the state and the estate that the Moore will gave Miss Comings an absolute interest is not subject to dispute, as we have just seen. Miss Comings, accordingly, had $100,000 which she received from Mrs. Moore and which she intended should be the subject matter of a disposition in favor of Mrs. Bagg. The state contends that the whole sum was intended as a gift to Mrs. Bagg, but that Miss Comings intended that there should not result to her estate any extra burden on account of the $100,000. In short, Mrs. Bagg was given $100,000, but her share was to bear its due portion of death duties plus any further taxes attributable to the inclusion of the $100,000 in the estate. It is argued that in the Comings will there was set up a formula by which to compute the amount of money Mrs. Bagg would eventually receive, but that for inheritance tax purposes that formula is of no effect. The gift to her is $100,000, and that, according to the state, is the taxable amount. If any formula were recognized as bearing on the taxable amount, the result would be to allow in effect a deduction for federal estate taxes in contravention of ORS 118.070:

"In ascertaining the net value of estates for the purpose of computing inheritance tax the following deductions, and no others, may be made from the gross value of the taxable estate:

\*　\*　\*　\*　\*

"(e) Income or gift taxes of the United States or the State of Oregon owing at the date of death, but not United States estate taxes."

The sum of this argument is that under the will Mrs. Bagg was left $100,000, which is the taxable amount, even though she would eventually receive less than that as a disposable amount.

The respondent (executrix) argues that both the first and second paragraphs must be given effect in regard to the disposition to Mrs. Bagg. Therefore, the $339,000 estate bears the death duties under the first paragraph and Mrs. Bagg is given under the second paragraph an amount contingent on the total of the taxes attributable to the presence of the $100,000 in the estate. In short, she receives, not $100,000, but a lesser amount which is calculated from the $100,000 base. There is, then, no tax computation problem but one of will interpretation, and the deductibility of the federal estate taxes is not in issue. Summing up this argument, the conclusion is that there was $100,000 in the Comings estate from which a gift was to be made to Mrs. Bagg. Miss Comings directed that all taxes should be paid from her estate, after which Mrs. Bagg was given a sum which, when added to the tax paid on account of the $100,000, would equal the latter figure.

At this point an issue is seemingly drawn, however it may lack in formal nicety and clarity, with the estate contending for an interpretation of the will which will result in a sum less than $100,000 subject to collateral tax, and the state contending that Mrs. Bagg received $100,000 under the will which is subject to collateral tax. Now we quote from the state's reply brief which quotes from the executrix' brief, thus contrasting the positions taken by the parties:

"We further agree with the executrix' analysis (Br. 12-13) of the problem in the following respects:

"'Since it is possible to give effect to both the

provisions of the FIRST paragraph and of the SECOND paragraph of the Will, there is no necessity for attempting to segregate them or to give one of them preference over the other. * * * By the FIRST paragraph of her Will, the Testatrix directed payment from the property belonging to her estate of all estate and inheritance taxes imposed upon her estate or any distributive share thereof. There is no difference of opinion between us and the State Treasurer over the well-determined rule of law that the federal estate tax is a tax on the entire estate and that in Oregon the statute expressly declares that the federal estate tax shall not be deductible from the estate before computing the inheritance tax. Neither is there any dispute between us concerning the fact that the provision for the payment of taxes contained in the FIRST paragraph of the Will would ordinarily constitute an additional gift of the sum necessary to pay such taxes as would be chargeable against the distributive share of any beneficiary under the Will. Therefore, neither of those questions is involved here. The question which is involved is that of the proper construction of the Will so that it may be determined what the amount of the gift to Helen M. Bagg was under the paragraph SECOND of the Will so that we may know upon what sum, under that paragraph, the Executrix is required to pay a collateral tax [for Mrs. Bagg].

" 'It is precisely at that point that our difference with the State Treasurer arises and this difference grows out of the fact that we insist that the matter to be decided is a matter of Will construction, whereas, the State Treasurer sees the matter as a tax question.'

"The stipulated portion of the Federal estate tax on Mrs. Bagg's share is $27,000. The executrix contends that Mrs. Bagg's Oregon collateral inheritance tax (under paragraph (1) of ORS 118.100) should be computed on $73,000 (Ab. 18), being the full $100,000 less the $27,000 allocable share of the

Federal estate tax. The State Treasurer contends that Mrs. Bagg's Oregon tax should be computed on the full $100,000 (Ab. 23), without any deduction for the Federal estate tax.''

At the risk of repetition but in a search for clarity, we turn to the executrix' computation and observe that she starts with a basis of $100,000, from which $27,000 federal estate and $24,600 basic Oregon inheritance taxes and $651 of added inheritance tax are subtracted, giving a gift of approximately $48,000 to Mrs. Bagg. The $24,600 is treated as an additional gift, making $73,000 subject to the collateral tax. Seemingly, the only argument the state has with this method is that the estate ends up paying collateral taxes on the basic gift, the sum paid in basic taxes and treated as an additional gift, but avoids by its method of computation the payment of any collateral tax on the $27,000 federal estate tax. The state contends that this, in effect, gives the estate a deduction which the statute expressly forbids.

In *In re Lewis' Estate,* 160 Or 486, 85 P2d 1032, we sustained the constitutionality of the inheritance tax law and held that the federal estate tax was not deductible in determining the basic inheritance tax. *O'Donnell v. Scott,* 176 Or 500, 159 P2d 198, held that no deduction was allowable from the residuum of the estate for federal estate taxes when determining the collateral tax. These cases were followed in the recent McGinn decision, which held that when a special fund was established by a decedent for the payment of death duties with the residuum payable to a collateral heir, no deduction for federal estate taxes was allowed by the statute in the computation of the residuum. We followed *O'Donnell v. Scott,* supra, in holding that the state tax is to be computed under

all three paragraphs of the statute as though there were no law providing for a federal estate tax. In essence, then, the executrix is arguing here that the way the Comings will was drafted, the issue of a deduction for federal estate taxes is never reached; that is, the federal estate taxes were paid by the estate and not from a $100,000 gift to Mrs. Bagg. Rather they were paid before a gift to Mrs. Bagg was ever calculated.

At first glance the position of the executrix would seem to make necessary an interpretation of the will. The position taken by the state is fully in accord with the cases cited above. We do not believe that the executrix' computation is acceptable, even if her interpretation of the will is correct. As we have shown in the three cases cited, there is no necessary one-to-one ratio between the amount an heir receives under a will and the amount he will be treated as receiving for inheritance tax purposes. That proposition is realized by the executrix, as is shown by the inclusion of the previously paid state tax in the amount subject to the collateral amount. The executrix' error lies in the mistaken assumption of law that the taxable amount is controlled by the calculation by which is figured the actual amount to be paid by the estate to the heir. By reason of our decisions in the Lewis, O'Donnell and McGinn cases, we hold that the payment of federal estate taxes by the estate is not entitled to consideration in determining the taxable amount for the purpose of Oregon inheritance taxes.

Reversed with instructions to recompute the taxes in harmony with the above.