Argued September 10, affirmed December 24, 1963

# VAN NATTA ET UX *v.* COLUMBIA COUNTY
### 388 P. 2d 18

*Agnes M. Petersen,* St. Helens, argued the cause for appellants. With her on the brief was George G. VanNatta.

*Charles N. Isaak,* Deputy District Attorney, St. Helens, argued the cause for respondent. With him on the brief was David B. Williamson, District Attorney, St. Helens.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

LUSK, J.

This suit, commenced October 19, 1945, has, at long last, after a checkered career, found its way to the Supreme Court.

It is a suit to remove a cloud from the plaintiffs' alleged title to certain real property in Columbia

county, the cloud being a judgment and decree of fore-closure of the lien of delinquent taxes against such property entered on June 30, 1943, in an omnibus tax foreclosure proceeding instituted by Columbia county, entitled *Columbia County v. A. E. Adams et al.*

Plaintiffs acquired their title, if they have any, by bargain and sale deed dated February 6, 1945, from Mary E. Hallett, the owner of the land in question at the time of the foreclosure proceedings. Their contention is that the proceedings are void because the record contains no "application for judgment and decree," the initial pleading required by the statute, OCLA § 110-906 (now OBS 312.060).

In hearings before the late Honorable Howard K. Zimmerman, Circuit Judge, and, after his death, before his successor, the Honorable Avery A. Combs, it was established that there was no such document in the judgment roll, as it was then termed (now the trial court file), but evidence was adduced which indicated that the application had been filed, but for some unexplained reason had disappeared. On the strength of such evidence Judge Combs made a finding to the effect that the application had been filed and that the court had jurisdiction of the foreclosure proceedings and entered a decree dismissing this suit. Plaintiffs have appealed.

■ We affirm, though for a different reason. This is a collateral attack on the decree of foreclosure. *Knapp v. Josephine County et al.*, 192 Or 327, 347, 235 P2d 564; *Linn County v. Rozelle,* 177 Or 245, 162 P2d 150, and is subject to the restrictions contained in section 110-920 OCLA (now ORS 312.220), which reads in part:

"Any judgment and decree for the sale of real property to the county, on foreclosure for delin-

quent taxes, shall be conclusive evidence of its regularity and validity in all collateral proceedings, except where the taxes have been paid or the property was not liable to assessment and taxation. * * *"

This statute was construed in *Knapp v. Josephine County,* supra, 192 Or at 347, where we said:

"Since this is not an appeal from the tax foreclosure decree, but a collateral attack upon it, the plaintiff cannot succeed if the Circuit Court, when it entered the decree in that suit, had jurisdiction over the property and jurisdiction over tax foreclosure proceedings."

■ It is a familiar principle that when a judgment of a court of general jurisdiction is called in question collaterally all presumptions are in favor of its regularity and validity and such judgment is not subject to collateral attack except when the want of jurisdiction appears on the face of the record. *Unander v. Stackpole et al,* 208 Or 63, 71, 299 P2d 612; *Anderson, Adm. v. Clough et al.,* 191 Or 292, 300, 230 P2d 204; *Capos v. Clatsop County,* 144 Or 510, 523, 25 P2d 903, 90 ALR 289. As stated in the case last cited, quoting from Freeman on Judgments (5th ed) § 383:

"Nothing will be intended to be out of the jurisdiction of a court of general jurisdiction but that which expressly appears to be so. The absence from the record of the necessary jurisdictional facts will not overcome the presumption of jurisdiction, and that papers which ought to have been included in the judgment-roll are missing therefrom is not enough to make it affirmatively appear that the court had no jurisdiction."

■ It is equally well settled that when a court of general jurisdiction exercises a special statutory power, not according to the course of the common law, no

presumptions in favor of jurisdiction are indulged, but the facts necessary for jurisdiction must appear affirmatively on the face of the record. *Hughes v. Aetna Casualty Co.,* 234 Or 426, 383 P2d 55, 59.

■ By the enactment of section 110-920 OCLA the legislature in effect declared that, notwithstanding the circuit court in tax foreclosure proceedings exercises a special statutory power, its judgments, nevertheless, are entitled to the same intendments and presumptions as are the judgments of that court when it is exercising its customary common law jurisdiction. That it was competent for the legislature thus to provide we think cannot be doubted. Similar legislation has been enacted governing adoption proceedings, ORS 109.381, and in *Hughes v. Aetna Casualty Co.,* supra, 234 Or 451, 383 P2d at 67, we cited authorities sustaining the validity of such statutes. Indeed, in a few cases the courts have, without the aid of legislation, applied to the judgments of courts of general jurisdiction exercising special statutory powers the usual presumptions in favor of the validity of those judgments, *Hahn v. Kelly,* 34 Cal 391, 94 Am Dec 742; *Newcomb's Executors etc. v. Newcomb,* 13 Bush (Ky) 544, 26 Am Rep 222; *Falkner v. Guild,* 10 Wisc 563. Mr. Freeman has stated with clarity and persuasiveness the reasons supporting this view.

> "The doctrine that the judgments of courts of record are of any less force, or are to be subjected to any closer scrutiny, or that they are attended with any less liberal presumptions, when created by virtue of a special or statutory authority, than when rendered in the exercise of ordinary jurisdiction, has been repudiated in some of the states; and the reasons sustaining this repudiation have been stated with such clearness and force as to produce the conviction that the doctrine repudiated has no founda-

tion in principle, however strongly it may be sustained by precedent. In the first place, it is shown that the discrimination between courts of record and courts not of record is founded on obvious considerations of wisest policy based upon their character, personnel and mode of procedure. In the second place, it is shown that none of those reasons upon which the discrimination between different courts rests tends to justify any discrimination between different proceedings conducted by the same court; that whether a court proceeds according to the 'course of the common law,' or according to some authority conferred and some course prescribed by a statute, it is, in either case, presided over by the same judge, assisted by the same counsel and officers, and conducted with the same wisdom, caution, and solemnity. In either case its proceedings are equally matters of record and equally subject to fixed and well-understood laws. And finally, it is suggested that, as no reason has been given for regarding the same tribunal with different degrees of consideration, according to circumstances which seem not to affect its claims to our confidence, therefore all its adjudications, though arising out of the exercise of lawful jurisdiction conferred at different times, or from different but equally competent sources, should be subjected to similar rules and indulged with equal presumptions." 1 Freeman on Judgments (5th ed) 836–837.

■■ In this case the presumption of validity of the judgment is aided by the "Register of Actions" of the clerk of the court which bears a notation of the filing of a "Complaint and Application" in *Columbia County v. Adams* (the foreclosure suit) on July 9, 1942, and by recitals in the judgment of all the jurisdictional facts, including the following:

"It appearing to the Court that the Sheriff and Tax Collector of said county, with the assistance of the District Attorney, duly and regularly instituted

this proceeding for the foreclosure of the several liens for delinquent taxes embraced in such foreclosure list, and that a Complaint and Application for Judgment and Decree was filed in the Circuit Court of the State of Oregon for Columbia County on the 9th day of July, 1942;".

These recitals, in the absence of anything to the contrary in the record, import absolute verity. *Huffman v. Alexander,* 197 Or 283, 317, 251 P2d 87, 253 P2d 289; *Schmid v. City of Portland,* 83 Or 583, 591, 163 P 1159.

For the foregoing reasons, the plaintiffs' attack on the foreclosure proceedings must fail and the decree appealed from is affirmed.