Earl Albert **LOWES**, through his guardian ad litem, Lenore L. Marshall, Plaintiff,

v.

**FIRST NATIONAL BANK OF OREGON**, as Executor of the Will and Estate of Andrew Frank Lowes, Deceased, and First National Bank of Oregon, as Executor of the Will and Estate of Lillian Ruth Lowes, Deceased, and Roy E. Heckard, Frank E. Nash and First National Bank of Oregon, as Trustees of Trust established by Will of Lillian Ruth Lowes, Defendants.

Civ. No. 68–272.

United States District Court
D. Oregon.

July 25, 1968.

L. Guy Marshall, Portland, Or., for plaintiff.

Curtis W. Cutsforth, King, Miller, Anderson, Nash & Yerke, Portland, Or., for defendants.

## SUMMARY JUDGMENT AND OPINION

KILKENNY, District Judge:

This matter is before the Court on the defendants' motion to dismiss or, in the alternative, for a summary judgment in defendants' favor.

Plaintiff, a citizen of Canada, filed this action against the above named defendants in the capacities as stated, claiming to be the pretermitted child of the decedent, Andrew Frank Lowes. The estate of Andrew Frank Lowes, deceased, was closed in January, 1966. Defendant, First National Bank of Oregon, is no longer executor of such estate. Each of the estates was probated in the Circuit Court of the State of Oregon for Clackamas County, the Court having general jurisdiction over the probate of estates.

With exceptions not here applicable,[1] the probate court has exclusive jurisdiction of an estate.[2] This jurisdiction includes the probate of a will, Wilson v. Hendricks, 164 Or. 486, 492, 102 P.2d 714 (1940), the distribution of the estate, State v. O'Day, 41 Or. 495, 499–505, 69 P. 542, 544–546 (1902), the settlement of the accounts of executors and administrators, Adams, Adm'r v. Petrain, 11 Or. 304, 3 P. 163 (1884), and many other examples cited in § 508, Oregon Probate Law and Practice, Jaureguy and Love. The federal system recognizes the rule just stated. Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80 (1909); Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946). The judgment or order of a probate court, acting within the scope of its jurisdiction, is *res judicata* and not subject to collateral attack. Stadelman v. Miner, 83 Or. 348, 393, 155 P. 708 (1916), 163 P. 585, 163 P. 983 (1917), Jackson v. United States National Bank, supra, § 510 Oregon Probate Law and Practice and ORS 117.560. The judicial determination by the Oregon probate court that plaintiff was not the pretermitted child of Andrew Frank Lowes is *res judicata* and bars this action against that decedent's estate. Moreover, the court found in the Andrew Frank Lowes estate that plaintiff had never been adopted by either the decedent, nor Lillian Lowes.

The plaintiff's present claim of incompetence at the time of the previous adjudication does not detract from the plea of *res judicata,* nor does it permit a collateral attack. Bobell v. Wagenaar, 106 Or. 232, 210 P. 711 (1923), 34 A.L.R. 221–223, supplemented 140 A.L.R. 1336, 1337.

Plaintiff's claim for care, support and maintenance of Lillian Ruth Lowes was never presented to the executor for allowance.[3] A claim which is not presented until after the final account and report is filed, is barred by ORS 116.510.[4] It is undisputed that the final account and report of the executor in the Lillian Ruth Lowes estate was filed on February 9, 1968, sometime prior to the filing of this complaint.

2 Jaureguy and Love, § 672, page 117, states the rule as follows: "With certain exceptions hereinafter noted, all creditors of a deceased must present their claims, whether arising out of tort, contract or otherwise, to the executor or administrator before the filing of the final account; otherwise the claim or obligation will be forever barred by what is commonly referred to as the 'Statute of Non-Claim'." Plaintiff's pleading does not fall within any of the exceptions noted. Supporting the text are Security Trust Co. v. Black River National Bank, 187 U.S. 211, 23 S.Ct. 52, 47 L.Ed. 147 (1902), Brown v. Drake, 103 Or. 607, 609, 205 P. 1002, 210 P. 710 (1922), First National Bank of Portland v. Connolly, 172 Or. 434, 481, 138 P.2d 613, 143 P.2d 243 (1943). This state statutory bar is properly applied by a federal

---

1. Jackson v. United States National Bank, 153 F.Supp. 104, 115, 116 (D.Or.1957); In re Anderson's Estate, 157 Or. 365, 379, 71 P.2d 1013 (1937).

2. ORS 5.040.

3. ORS 121.090.

4. " * * * Until the final account is filed, a claim against the estate not barred by the statute of limitations may be presented, allowed and paid out of any assets then in the hands of the executor or administrator not otherwise appropriated or liable."

court. Security Trust Co. v. Black River National Bank, supra, Swan v. Estate of Monette, 265 F.Supp. 362 (W.D.Ark. 1967).

The foregoing shall serve as my findings and conclusions. Defendants' motion for a summary judgment should be allowed.

It is so ordered.