Argued and submitted March 4, alternative writ of mandamus dismissed
April 9, 1998

## SEA-AIR HANDLING SERVICES, INC.,
*Plaintiff-Adverse Party,*

*v.*

## Paul H. REED,
by Donald Hartvig,
Chapter Seven Bankruptcy Trustee,
*Defendant-Relator,*

*and*

## Bob HODSON,
*Defendant.*

(CC 9609-06691; SC S44721)

956 P2d 953

Donald A. Greig, of Landerholm, Memovich, Lansverk and Whitesides, P.S., Vancouver, Washington, argued the cause and filed the brief for plaintiff-adverse party.

Christopher W. Angius, of Perkins Coie, Portland, argued the cause and filed the brief for defendant-relator.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Kulongoski, and Leeson, Justices.*

LEESON, J.

---

* Graber, J., resigned March 31, 1998, and did not participate in this decision.

## LEESON, J.

This is an original action in mandamus. ORS 34.120. Bankruptcy trustee Hartvig (relator) contends that Multnomah County Circuit Court Judge Marshall Amiton exceeded his authority under ORCP 71 C in granting plaintiff-adverse party Sea-Air Handling Services, Inc.'s (Sea-Air) requested relief and that Judge Amiton misinterpreted the "second dismissal rule" in ORCP 54 A(1).[1] Consequently, he asks this court to issue a peremptory writ of mandamus directing Judge Amiton to reverse his November 13, 1997, order granting Sea-Air's motion for entry of a supplemental judgment of dismissal "without prejudice." For the reasons that follow, we dismiss the alternative writ of mandamus issued by this court on December 16, 1997.

The facts are undisputed. On March 15, 1996, Sea-Air filed a complaint in circuit court against Reed, one of its former vice-presidents, and four others stating claims for various business torts. On April 1, 1996, Sea-Air filed a notice of dismissal pursuant to ORCP 54 A(1), stating that its claims against three of the parties named in the action, with whom Sea-Air had reached a settlement, were to be dismissed "with prejudice," and that its claims against the two others, Reed and Hodson, were to be dismissed "without prejudice." The judgment of dismissal was entered in the register on April 3. The document to which the judgment stamp was affixed identified which of the dismissals were "with prejudice" and which were "without prejudice."

On September 3, 1996, after settlement negotiations involving Sea-Air, Reed and Hodson broke down, Sea-Air filed a second action in circuit court against Reed and Hodson, alleging all the claims that it had asserted previously. In November, before answering Sea-Air's complaint,

---

[1] ORCP 54 A(1) provides, in part:

"Unless otherwise stated in the notice of dismissal or stipulation, [a] dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action against the same parties on or including the same claim unless the court directs that the dismissal shall be without prejudice."

Reed filed a bankruptcy petition in the United States Bankruptcy Court for the District of Oregon. Because of the automatic stay resulting from Reed's bankruptcy filing, Sea-Air was unable to pursue its claims against Reed and, on January 23, 1997, Sea-Air filed a second notice of dismissal. That notice, a copy of which was sent to relator when it was submitted to the court, stated:

> "Pursuant to ORCP 54 A(1) [Sea-Air] does hereby give notice of its dismissal of this action. This dismissal shall be without prejudice."

As it had done with the first notice of dismissal, the trial court affixed a "Judgment of Dismissal" stamp to the second notice of dismissal and directed that the judgment be entered in the register. The notice bore the date of January 27, 1997, and was entered in the register the next day.

On June 5, 1997, relator, in an effort to augment the assets of Reed's bankruptcy estate and to assist in the payment of Reed's creditors, filed an adversary complaint in the bankruptcy court, alleging claims against Sea-Air in excess of $250,000. Sea-Air answered and counterclaimed, alleging in its counterclaim the same claims that it had asserted against Reed in the second state court action. Relator moved for summary judgment on the counterclaims, arguing that dismissal of the state court claims against Reed on January 27 constituted a dismissal "with prejudice," because the state court had not "directed" that the dismissal be "without prejudice." According to relator, under ORCP 54 A(1), the January 27 dismissal acted as an adjudication on the merits and barred Sea-Air's counterclaims in relator's action against Sea-Air.

The bankruptcy court agreed and entered summary judgment for relator. The court explained:

> "I think the second dismissal [against Reed in state court] was with prejudice, that it was incumbent upon the moving party to get an express court order directing otherwise which did not occur in this case. * * * [I]f [Sea-Air] can get relief from the state court, under whatever the appropriate rule is, I may have to revisit my summary judgment order * * *."

The bankruptcy court lifted the automatic stay so that Sea-Air could "seek relief [in the state court] under the appropriate rule."

On October 20, 1997, Sea-Air filed a motion in circuit court requesting entry of a supplemental judgment to reflect that the January 27 judgment of dismissal in its action against Reed was "without prejudice." Sea-Air argued that, if the circuit court needed to correct the register to reflect that the judgment of dismissal was "without prejudice," then the court had authority to do so under ORCP 71 A.[2] Alternatively, Sea-Air argued, if the bankruptcy court was correct in its belief that the January 27 judgment had been entered "with prejudice," then Sea-Air was entitled to relief under ORCP 71 C.[3]

On November 13, 1997, over relator's objection, Judge Amiton granted Sea-Air's motion for entry of a supplemental judgment of dismissal, explaining:

"Had [Sea-Air's] second request for dismissal been presented to this court for a hearing, the court would have found good cause to grant [Sea-Air] dismissal without prejudice.

"Pursuant to ORCP 71 C, the court has inherent power to modify a judgment within a reasonable time."

The next day, relator filed a petition for a writ of mandamus, seeking to direct Judge Amiton to vacate his November 13 order. This court issued an alternative writ of mandamus on December 16, 1997, ORS 34.250(5), and the mandamus proceeding advanced to briefing and oral argument, ORS 34.250(7); ORAP 11.15(1).

Before this court, relator contends that, under ORCP 54 A(1), notice of the second dismissal of the same claim

[2] ORCP 71 A provides, in part:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders."

[3] ORCP 71 C provides, in part:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time * * *."

against the same party constitutes an adjudication on the merits, unless the court "directs" otherwise. A court can exercise its power under the rule, relator argues, only if the plaintiff notifies the court that a *prior* dismissal exists. Sea-Air did not notify the trial court that it previously had dismissed its claims against Reed. Consequently, relator contends, Sea-Air failed to comply with the rule's requirements, and Judge Amiton erred in holding that Sea-Air was entitled to a supplemental judgment of dismissal against Reed "without prejudice."

Sea-Air responds that ORCP 54 A(1) requires only that a party notify the trial court that it is seeking a dismissal "without prejudice." In Sea-Air's view, it did all that was required of it under ORCP 54 A(1) to obtain a second dismissal against Reed "without prejudice." Consequently, it argues, Judge Amiton did not err in granting Sea-Air's motion for entry of a supplemental judgment "without prejudice":

> "Trial courts are busy enough without having to decide issues which are not in dispute; only if [an opposing party] objects to [the] second dismissal without prejudice should the court be required to weigh the merits of the request and rule on the objection."

■     Whether ORCP 54 A(1) requires a party to notify the court of a prior notice of dismissal—so that the court can "direct" whether the second dismissal is to be with or without prejudice—is a matter of statutory construction, calling for analysis under the template prescribed in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). However, as explained below, this case is not before us in a posture that allows us to resolve the parties' dispute about the proper interpretation of the "second dismissal rule" under ORCP 54 A(1).

■     ORCP 70 B(1) provides that "all judgments * * * shall be entered in the register by the clerk." *See also* ORS 7.020(2) (the clerk or court administrator shall enter in the register any "order, judgment, ruling or other direction of the court in or concerning [any] action, suit or proceeding"). It is uncontested that the court clerk entered the second judgment of dismissal in the register and that the document that

appears in the register states that the January 27 dismissal was "without prejudice." In the absence of anything to the contrary in the record, a judgment entered in the register is regarded as stating an "absolute verity." *Van Natta v. Columbia County*, 236 Or 214, 220, 388 P2d 18 (1963). In this case, nothing in the record suggests that the court intended anything other than what the document in the register declares: The January 27, 1997, dismissal was "without prejudice."

The bankruptcy court's conclusion that the January 27 judgment was entered "with prejudice" is contrary to the principle that judgments entered in the register are presumed to be correct. In asking us to construe the "second dismissal rule" in ORCP 54 A(1), relator asks us to do the same thing that he persuaded the bankruptcy court to do: disregard the register and its unambiguous declaration that the January 27 notice of dismissal of Sea-Air's claims against Reed was "without prejudice." We decline to do so.

The bankruptcy court's grant of relator's motion for summary judgment led to a series of unnecessary acts, including Sea-Air's motion for entry of a supplemental judgment of dismissal "without prejudice" and Judge Amiton's granting of that motion. Even if we were to perpetuate those unnecessary acts by issuing a peremptory writ of mandamus directing Judge Amiton to vacate his November 13 order, relator would gain nothing, because the January 27 judgment of dismissal would remain what it always has been—a judgment of dismissal "without prejudice."[4]

Alternative writ of mandamus dismissed.

---

[4] In light of this disposition, we need not reach the question of whether Judge Amiton abused his discretion under ORCP 71 C in granting Sea-Air's motion for entry of a supplemental judgment of dismissal "without prejudice."