Argued and submitted March 4, affirmed December 4, 1996, petition for review denied May 27, 1997 (325 Or 369)

In the Matter of the Estate of
Ralph Walker, Deceased.

Milton WALKER,
*Appellant,*

*v.*

Russell WALKER,
as Personal Representative of the
Estate of Ralph Walker, and
Russell Walker, as an individual,
*Respondent.*

(93PR023; CA A89263)

929 P2d 316

Michael P. O'Dwyer argued the cause and filed the brief for appellant.

Patrick R. Foley argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Contestant Milton Walker brought this proceeding to contest the validity of the will of his father, Ralph Walker. Proponent Russell Walker is the brother of Milton and the beneficiary of his father's will. In July 1979, Ralph suffered a stroke that left him partially paralyzed. He could speak only a few words and could no longer write. He executed his will in July 1990. Contestant alleged (1) that his father lacked testamentary capacity when he executed the will; (2) that the will was the product of the undue influence of Russell over his father; and (3) that the will was not validly executed. The probate court dismissed the petition. On *de novo* review, ORS 19.125(3), we agree with the probate court that, despite the disabilities with which his stroke had left him, Ralph had the requisite testamentary capacity and that the will, which formalized his long-standing estate plan, was not the product of undue influence. We write only to address the issue of the execution of the will.

When Ralph executed his will on July 20, 1990, the attorney who drafted the will, Paul Pierson, signed for Ralph. The will prepared by Pierson reads, in part:

"I, Ralph Walker, the testator, afix my mark on this instrument this 20th day of July, 1990 and being first duly sworn, do hereby declare to the undersigned authority that I execute this instrument as my Last Will and that I willingly direct Paul Pierson to sign for me * * *.

> *"s/ Ralph Walker*
> Ralph Walker, Testator
> By Paul Pierson
> (s/ Paul Pierson)"

The signatures are followed by the affidavit of attesting witnesses, the first paragraph of which reads:

"We, *s/Ron Crook* and *s/Zahna Rainboth,* the witnesses, * * * declare to the undersigned authority that the testator executes this instrument as his Last Will and that he willingly directs Paul Pierson to sign for him, and that each of us, in the presence and hearing of the testator, hereby signs this will as witness to the testator's signing, through Paul Pierson[.]"

Contestant argues that "the statements contained in the will do not literally or substantially comply" with ORS 112.235, which provides in part:

"A will shall be in writing and shall be executed with the following formalities:

"(1) The testator, in the presence of each of the witnesses, shall:

"* * * * *

"(b) Direct one of the witnesses or some other person to sign thereon the name of the testator[.]

"* * * * *

"(2) Any person who signs the name of the testator as provided in subsection (1)(b) of this section shall sign the signer's own name on the will and write on the will that the signer signed the name of the testator at the direction of the testator."

Contestant contends that the paragraph immediately before Ralph's signature is a statement by the testator, and the paragraph immediately following is a statement by the attesting witnesses. He argues that the will, therefore, does not contain the "mandatory formality of execution" in ORS 112.235(2) that the signer write on the will that the signer signed the testator's name at the testator's direction. He argues that the failure to perform that formality "invalidates the will," and that the probate court erred in holding that Pierson had "substantially complied" with the statute.[1]

■ A will has not been executed until the requirements of ORS 112.235 have been satisfied. *Perry v. Adams*, 112 Or App 77, 81, 827 P2d 930 (1992). However, as the probate court recognized, ORS 112.235(2) does not prescribe that only use of the statutory language meets the requirement. Here,

_____

[1] The probate court held:

"A statement by the testator that the testator has directed the signer of the testator's name to sign the testator's name is the equivalent of the signer who signs the testator's name and writes that the signer did so at the direction of the testator."

when Pierson's notation "By Paul Pierson" is read in the context of its position immediately following the testator's directive, "By" incorporates the directive given by the testator. That directive is a specific directive to a named person: "I, Ralph Walker, the testator * * * willingly direct Paul Pierson to sign for me * * *." Immediately following that directive is the testator's name with the acknowledgment that the signature is *"By* Paul Pierson (s/Paul Pierson)" (emphasis supplied). To satisfy the requirement of ORS 112.235(2), it was not necessary for Pierson to repeat "at the direction of the testator" after "By Paul Pierson." Furthermore, that Pierson followed Ralph's directive is attested to by the witnesses to the will in the paragraph following Pierson's signature. An attestation clause that recites due execution of the instrument creates a strong presumption in favor of due execution, which can be overcome only by clear and convincing evidence. *In re Estate of Meier,* 190 Or 140, 145, 224 P2d 572 (1950). Here there is no evidence or, indeed, contention that Ralph did not intend for Pierson to sign for him or did not direct Pierson to sign for him.

*In re Demaris' Estate,* 166 Or 36, 110 P2d 571 (1941), also involved a challenge to the validity of the execution of a will. At that time, O.C.L.A. § 18-201 provided:

> "Every will shall be in writing, signed by the testator, or by some other person under his direction, in his presence, and shall be attested by two or more competent witnesses, subscribing their names to the will, in the presence of the testator."

The testator was gravely ill and, at the testator's direction, his attending physician prepared a short will that left the testator's property to his sister. The testator signed the will, but it was not until half an hour later, in another room, that the physician and his wife signed the will as witnesses. The question for the court was whether the witnesses had complied with the mandatory statutory requirement that they sign "in the presence of the testator." *Id.* at 58.

The court rejected the "strict" interpretation adopted by some jurisdictions that the test of "presence" is what the testator saw. *Id.* at 64.[2] The court noted that the purpose of

---

[2] The court noted that the court was committed "to the liberal interpretation rule," citing *In re Estate of Shaff,* 125 Or 288, 266 P 630 (1928). There the court

the requirement of the presence of the witnesses was to protect a testator against substitution and fraud, *id.* at 62, and held that "presence" did not require that the witnesses sign within the sight of the testator, if other senses would enable the testator to know whether a person was near and what the person was doing. *Id.* at 71. Central to the court's determination that the witnesses had signed in the presence of the testator was that

> "the circumstances repel any thought of fraud and speak cogently of the integrity of the instrument under review. The signatures of all three persons are conceded. The circumstances of the attestation are free from dispute."

*Id.* at 74. The court held that, if the attesting witness had "failed to comply with the strict letter of the statute when they attested the will, they, nevertheless, had substantially complied with its requirements." *Id.* at 76.

■ As are the other sections of ORS 112.235, subsection (2) also is a protection against fraud. *See In re Estate of Neil*, 111 Or 282, 290, 226 P 439 (1924) (formalities of executing a will serve as a guard against fraud and perjury). Here there is no question of fraud in the execution of the will. To hold the will invalid because of a failure to repeat for a third time that Pierson signed at the direction of the testator would

> "be to observe the letter of the statute as interpreted strictly, and fail to give heed to the statute's obvious purpose. Thus, the statute would be turned against those for whose protection it had been written."

*Demaris*, 166 Or at 76. The probate court did not err in holding that the will had been validly executed.

Because of our disposition, we need not reach contestant's final assignment of error that the probate court erred

---

rejected a challenge that the attesting witness had not signed the will in the presence of the testator. There was no question that the signatures were genuine and that the witnesses had signed at the request of the testator. The court stated:

> "While it is the duty of the court[s] to observe carefully the spirit and intent of the statute, they will not adopt a strained and technical construction to defeat a will where the capacity and intention is plain and where by fair and reasonable intendment the statute may be held to have been complied with, and such is the case here." *Id.* at 298.

in allowing payment of proponent's attorney fees from estate assets.

Affirmed.