Kristine Sandoz ALLEN; Eric S. Sandoz,
Plaintiffs–Appellants,

v.

Sheryl Ann HALL; Daniel Hall,
Defendants–Appellees.

No. 96–35996.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 1998.

Decided March 19, 1998.

Before: FERNANDEZ, RYMER, and
TASHIMA, Circuit Judges.

FERNANDEZ, Circuit Judge.

Kristine Sandoz Allen and Eric S. Sandoz
(collectively Sandoz) brought this tort action
against Sheryl Ann Hall and Daniel Hall for
intentional interference with prospective in-
heritance, a tort which the Oregon courts
have not yet embraced or rejected. The
district court dismissed on the ground that
the Supreme Court of Oregon would not
recognize the tort.

The complaint alleged: that the Sandozes
had an expectancy to inherit from their un-
cle, Gregory Putman; that the Hills inten-
tionally interfered with that expectancy; that
the Hills did so by the most egregious of
independently tortious conduct—fraud com-
mitted upon Putman's attorney to keep her
from bringing the new will to her client, and
personal injury inflicted upon Putman by
forcing him into a medical facility and then
lying in order to cut off his life support
systems so that he would die forthwith and
not change his will; that Putman would have
left property to the Sandozes; and that they
suffered damage as a result.

There are considerations both in favor of
and against recognition of the tort of inten-
tional interference with prospective inheri-
tance. Recognition presents dangers to the
enforcement of the decedent's desire to dis-
pose of property by will, and to the orderly
operation of the probate system. That may
well result in the raising of claims of undue
influence and the like through the medium of
suing beneficiaries directly in tort, rather
than attacking the decedent's dispositions
themselves. Those dangers are illustrated
by some of the cases in this area. *See
Anderson v. Meadowcroft,* 339 Md. 218, 226–
27, 661 A.2d 726, 730 (1995); *Frohwein v.
Haesemeyer,* 264 N.W.2d 792, 794–95 (Iowa
1978). Moreover, because of the special dan-
gers of tort litigation over what a now de-
ceased person would have done, the tort is
not like the other sorts of intentional inter-
ference torts which have been recognized in
Oregon. *Cf. Straube v. Larson,* 287 Or. 357,
360, 600 P.2d 371, 373–74 (1979) (contractual
relations); *McBride v. Magnuson,* 282 Or.
433, 435, 578 P.2d 1259, 1260 (1978) (personal
relations); *Johnson v. Oregon Stevedoring
Co., Inc.,* 128 Or. 121, 133–37, 270 P. 772,
776–77 (1928) (employment relations). In
addition, a tort claim against heirs is quite
different from a mere breach of contract or
negligence action against a lawyer, who has
not followed a testator's instructions. *See*

*Hale v. Groce,* 304 Or. 281, 284–86, 744 P.2d 1289, 1290–92 (1987). Moreover, actions which allow an heir or beneficiary to sue to set aside a fraudulent conveyance are not at all similar to this tort. They do not affect or deflect testamentary or intestate dispositions of property by the decedent. They merely bring the property back into the estate of the decedent for appropriate disposition in the usual course of things. *See e.g., Brown v. Hilleary,* 133 Or. 26, 27–28, 286 P. 593, 594 (1930); *Groesbeck v. Groesbeck,* 49 Or. 113, 117, 88 P. 870, 872 (1907). Finally, Oregon, like other states, has made it clear that it is not inclined to allow what amount to collateral attacks on the determinations of courts sitting in probate. *See Wilson v. Hendricks,* 164 Or. 486, 491, 102 P.2d 714, 716 (1940). That insistence (along with formalities for executing or revoking wills) helps to avoid fraud, mistake, and a great deal of second guessing about what the decedent really meant to do or what he really might have done. *Cf. Walker v. Walker,* 145 Or.App. 144, 149, 929 P.2d 316, 319 (1996); *In re Neil's Estate,* 111 Or. 282, 290, 226 P. 439, 441 (1924).

On the other hand, the trend is to give some relief where the attack is not upon what the testator did, but, rather, is based upon a claim that egregious acts by others have prevented the decedent from executing a new will or from revoking an old one. *See, e.g.,* Restatement (Second) of Torts § 774B cmt. c (1977) (discussing intentional interference with prospective inheritance); Thomas E. Atkinson, *Handbook of the Law of Wills* 270–71 (fraudulent prevention of execution of will-constructive trust or damage action available), 421–22 (fraudulent prevention of revocation-constructive trust) (2d ed.1953); W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 130, at 1007–08 (5th ed.1984); George L. Blum, Annotation, *Action for Tortious Interference with Bequest as Precluded by Will Contest Remedy,* 18 A.L.R. 5th 211, 1994 WL 906436 (1994); Sonja A. Soehnel, Annotation, *Liability in Damages for Interference with Expected Inheritance or Gift,* 22 A.L.R.4th 1229, 1983 WL 191057 (1983). That is particularly true where, as here, the probate court is not actually in a position to grant relief. *See e.g.,*

*Glickstein v. Sun Bank/Miami,* 922 F.2d 666, 673–74 (11th Cir.1991); *Peffer v. Bennett,* 523 F.2d 1323, 1325–26 (10th Cir.1975); *McGregor v. McGregor,* 101 F.Supp. 848, 850 (D.Colo.1951). And, at least in a probate contest regarding a fraudulently revoked will, the Oregon Supreme Court has pointed out that in this area the underlying "principle is that the law will not permit improper influences to control the disposition of a person's property." *In re Estate of Reddaway,* 214 Or. 410, 418, 329 P.2d 886, 889 (1958). If the Oregon Supreme Court gave that principle sufficient weight to outbalance the dangers of allowing tort actions in this area, it would follow the trend.

If the tort of intentional interference with prospective inheritance is rejected as a theory of recovery, the judgment in favor of Halls must be affirmed. On the other hand, if it is accepted as a theory of recovery, the Sandozes may well have stated a cause of action. Thus, the existence of that tort, and the nature of its elements, may well be dispositive of this case.

## CERTIFICATION OF QUESTIONS

Questions of Oregon state law may be determinative of this cause. We have, however, found no controlling precedent in the decisions of the Supreme Court of Oregon or in the intermediate appellate courts of Oregon. In addition to meeting the requirements for certification under ORS 28.200, the factors outlined in *Western Helicopter Servs. v. Rogerson Aircraft Corp.,* 311 Or. 361, 366–70, 811 P.2d 627, 631–34 (1991), counsel in favor of a decision by Oregon's highest court on this issue that involves the relationship as a matter of policy between the proposed tort remedy and the Probate Code. We, therefore, respectfully request that the Supreme Court of Oregon exercise its discretion pursuant to the Uniform Certification of Questions of Law Act, Oregon Revised Statutes §§ 28.200–.255, and answer the following questions:

(1) Does Oregon recognize the tort of intentional interference with prospective inheritance?

(2) If a tort action for intentional interference with prospective inheritance is available, what are the elements of that tort?

## OTHER ORDERS

(1) The Clerk of this Court shall transmit to the Supreme Court of Oregon a certified copy of this order, as well as the appellate briefs for this case.

(2) Pursuant to Oregon Rule of Appellate Procedure 12.20(5)(c) the Clerk of this Court shall transmit to the Supreme Court of Oregon all or any portion of the district court record in this case as that Court deems necessary or appropriate.

(3) The parties to this action and their counsel are:

| | |
|---|---|
| Kristine Sandoz Allen; and<br>Eric S. Sandoz | Margaret Fiorino, Esq.<br>Julie R. Vacura, Esq.<br>Suite 580<br>Fiorino & Vacura<br>808 S.W. Third Avenue<br>Portland, Oregon 97204 |
| Sheryl Ann Hall; and<br>Daniel Hall | Sarah Ryan, Esq.<br>101 S.W. Main<br>Portland, Oregon 97204 |

(4) If the Oregon Supreme Court declines certification, we will resolve the issue according to our perception of Oregon law.

(5) The panel retains jurisdiction over further proceedings in this court. If the Oregon Supreme Court answers in the affirmative to question one, we will reverse the judgment of the district court and remand for further proceedings consistent with the Oregon Supreme Court's opinion. If the Oregon Supreme Court answers in the negative to question one, we will affirm the judgment of the district court.

(6) The parties shall file a report with this Court on the status of this case on or before the anniversary of this Order and each anniversary thereafter.